No. 981.

Wm. M. Gillaspie, Administrator, et al. vs. Lem. Scott, Sheriff, et al.

*Held* that damages cannot be allowed in dissolving an injunction issued without bond under Art. 739, C. P. Re-affirming previous Decisions.

When this Court decides in one Appeal all the issues pending between the same parties in another Appeal, those issues are definitively disposed of, and the execution of the judgment appealed from cannot be retarded by the existence of the other Appeal, taken in same case and from the same judgment. The judgment of this Court, in such a case, is final.

APPEAL from the Fifth Judicial District Court, parish of Richland. *Richardson, J.*

Cobb & Gunby for Plaintiff and Appellee.

Stubbs & Stillman for Defendants and Appellants :

First—Injunctions without bond must be confined to the causes only set forth in C. P. 739.

Second—If any other cause is alleged, there must be bond and security, or the averments will be disregarded, or the injunction dissolved, at the option of Defendant.

Third—Reconventional demands are not permissible under Art. C. P. 739.

Fourth—Issues already adjudged between the parties should not be allowed to be plead under this article.

Fifth—When it is evident that the injunction under 739 is for no just cause, and for the simple purpose of harassing and hindering the enforcement of the mortgage, though no bond or security be required, the aggrieved party should have his damages.

Sixth—In an appeal perfected by one of the parties litigant the issues involved should be finally settled and a second appeal from the same judgment should not be permitted.

W. J. Baker et al. vs. Richardson, Monroe Opinion Book, p. 214.

---

## On Motion to Dismiss.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff and appellee moves to dismiss this appeal on the grounds :

(a). That the certificate of the clerk is not at its proper place in the transcript and is not full ;

(b). That the transcript is incorrect and incomplete ;

(c). That matters and documents are incorporated in the transcript which do not belong to it ;

(d). That a transcript belonging to this Court was, without leave, so incorporated.

(a). We find the clerk's certificate properly at foot of the transcript prepared by him in this case, and which covers seventy-five pages. Looking into the note of evidence, in the transcript, we discover an agreement to use, on appeal, the transcript of a record introduced in evidence, filed in this Court, and which is minutely described in the agreement. It was legitimate for the parties to so agree, to save time and useless costs. The certificate of the clerk refers to the agreement and to the transcript annexed to his own, and which in all other respects satisfies legal requirements.

(b). The transcript does not appear to be incorrect. If it is not *full*, in not containing a copy of the record offered in evidence, it is because the parties have agreed that it be not transcribed. The clerk has done as he was directed and authorized to do, and acted properly under the circumstances.

(c). We have been unable to discover any matter or documents as incorporated in the transcript which are foreign to it. The complaint in this respect also is not well founded.

(d). The transcript which was to be used, by consent, in this Court in case of appeal, is attached to the transcript of the case before us. It was withdrawn from the clerk's office of this Court apparently with-

out leave of Court, and annexed to the transcript of the present case. This withdrawal and use of a transcript, in a *decided* case, was unauthorized and is censurable. The Clerk of this Court should not have permitted it to go from his hands, and the clerk of the lower court should not have used it the way he did, in having both bound together. This irregularity cannot, however, affect the sufficiency of the transcript in the case before the Court, so as to justify the dismissal of the appeal. If it was wrong—as it really was, to withdraw and use, without permission, this transcript, as was done—the wrong is repaired by a return of it to the clerk's office. After the decision of this case, the clerk will separate the bound transcripts and place them in order in this office.

The motion to dismiss is overruled.

---

### On the Merits.

The plaintiff has obtained an injunction to arrest a writ of seizure and sale issued against him on executory proceedings instituted by the Citizens' Bank of Louisiana. He complains that the charter of that corporation was long since forfeited ; that the contract averred by the bank was procured by fraud, error, and grave misrepresentations ; that the loan of $28,000, alleged to have been made, never took place ; that the loan was paid and returned to the lenders ; that the bank is indebted to him in the sum of $21,000 for illegal occupancy and enjoyment of the land seized.

Dealing with the case as if covered by article 739, C. P., the plaintiff, verifying his averments by *affidavit*, asked and obtained the injunction *without giving bond.*

By her counsel, the bank filed exceptions to the right of action, accompanied by an answer. By a proceeding in the nature of a motion to fix, the case was assigned for trial. When it came up, the District Judge proceeded to determine the exceptions, and having done so, by sustaining them, he assigned the case to another day, to constrain plaintiff to prove his allegations. Under article 741, C. P., the trial of injunctions of this character is to be *summary*, 26 A. 651, 30 A. 1164, in order that the differences of the parties may be speedily adjusted and the process of the Court be not unnecessarily delayed.

After hearing, the Court dissolved the injunction, but without allowing any damages—reserving the rights, if any, of plaintiff to claim the $21,000 in another proceeding.

From the judgment, so rendered, both parties have appealed—the defendant by motion in open court previous to adjournment, appeal returnable to this Court on the first Monday of June, 1880 ; the plaintiff by petition after adjournment, appeal returnable to this Court on the first Monday of June, 1881.

The appeal of the defendant is now before us, but the transcript, consequent on plaintiff's appeal has not yet been filed.

The plaintiff, after moving for the dismissal of the appeal, and con-tingent on the overruling of the motion, *answers* and asks that, for reasons assigned, the judgment of the lower court be reversed.

We shall now proceed to review the differences between the parties litigant on the questions, both of practice and of law, and facts pre-sented by the record.

On the 15th of August, 1879, having filed these exceptions, and that answer, the defendant obtained an order to compel the plaintiff to prove, on the 16th of September following, the truth of the facts alleged by him ; but it is not until the 14th of May, 1880, that the case came up. The exceptions to the petition were sustained and the issue was restricted to the averment of *payment*, and the case was continued to the 25th of May to enable the plaintiff to prove the truth of his averments.

The lower court properly sustained the exceptions by its judgment of May 14.

On the exceptions the bank had charged—

That Mr. Simms, administrator, whose name had been used to ob-tain the injunction, never authorized any such proceeding on his behalf ; that the demand of plaintiff for a money judgment is not permissible in a proceeding like this ; that all issues raised by the petition in injunc-tion, save that of payment, have been finally adjudicated upon in a case specially mentioned ; that the plea of payment is inconsistent with every other material allegation in the petition, and should be disregarded. After setting up these preliminary defenses, the bank had asked that the plaintiff be held to prove his allegations. J. W. Simms made *affi-davit* to show that his name had been used without his authority, and the suit was, as to him, dismissed, and this properly.

It is clear that where proceedings are instituted under article 739, C. P., no fact can be permitted to be alleged and proved which does not conduce to establish one of the causes of complaint specified in the article, and which, if verified, would not justify the making of the in-junction perpetual. We are at a loss to perceive how a money claim (which is not liquidated, and compensated, and which is not even pleaded in *compensation*) for the alleged wrongful occupancy, and occupancy and enjoyment of the land seized, can assist in establishing any of the grounds upon which an injunction can issue under those provisions of the law. The plaintiff should have resorted to a direct action, and cannot be allowed to engraft this parasite claim on a proceeding origin-ating in the form in which this began. Berens vs. Boutté, 31 An. 112.

We find that the judgment in the case, reported in 30 An. 1322, which is in evidence in this, on the plea of *res judicata*, can be success-

fully invoked in bar of the several matters raised in this.litigation. The purpose of the suit decided was the annulment of the judicial adjudication made to the Citizens' Bank of the land seized in that case, and which is the same as in this case; the nullity of the sale made by the bank to Mrs. Jordan, after such adjudication ; the validity of the mortgage; the question of title and its apportionment; in fact, other objects substantially identical with those in view in the present controversy. The *judicanda* and *the judicata* seem to have the same characteristic features as those found in the present instance.

One of the grounds of the petition is that the Citizens' Bank has no existence as a legal corporation; still the plaintiff asks that citation issue, and proceeds against it, *eo nomine*, in this litigation. The charge is inconsistent. There is no evidence in support of the allegation of forfeiture of charter, and, even if there were, how could it prove effectual when offered against the alleged defunct corporation *itself*?

The grounds of the petition were properly held self-destructive, the plea of payment considered.

Judgment was rendered accordingly, declaring the nullity of the sales attacked, defining title in those to whom said land belonged, recognizing the validity of the claim and mortgage annulled in the present case, reviving the rights of the parties dispossessed to sue and recover for the rent and revenue, if due, of the property from. Mrs. Jordan. The judgment was pronounced contradictorily with the present plaintiff. It has become final and conclusive of the matters sought to be herein agitated.

A copy of the decree of the lower court maintaining the exceptions, and of the simultaneous order continuing the case for further trial to 25th of May, to enable plaintiff to prove his charges, was issued and served on the 14th of May, on one of the counsel of record of plaintiff. On the 25th of May the plaintiff objected to trial on the grounds that the case had not been reached on the regular call of the docket and under the rules of the Court, and could not be taken up out of its order; that no answer had been filed ; that defendant had waived and abandoned his right to have this case tried summarily, and had changed by his exceptions and pleas to the ordinary form ; that the plaintiff had not been notified. The Court overruled the objections, and a bill was reserved.

There was no evidence offered in support of the first ground that we see.

The burden of proving it rested on the plaintiff. The District Judge may have had evidence on that point before him, but it has not come up to us with the transcript. The appearance of the defendant, excepting to the proceeding, and eventually requiring proof of the averments, is

a *regular* proceeding. The defendant *answered.* It is not necessary that an answer should formally join issue by *expressly* admitting or denying. It cannot be claimed that the defendant has *admitted* the facts averred by the plaintiff. On the contrary, the bank can and must be treated as *denying* them, as there was a call for proof in support of the same. By the appearances made the defendant has not changed the *character* of the proceeding. The defendant has excepted and answered. It is true that the bank has asked damages, but this may be considered as a demand incidental to the action, if authorized by law in this form, or as surplusage, if not sanctioned by law. Had the defendant reconvened and asked the Court to condemn the plaintiff to pay the amount claimed in the executory proceeding, such a course would probably have changed the character of the action. We consider that the *status* of the original and of the injunction cases has not been altered from *summary* to *ordinary,* and that the summary trial which was had is sanctioned by law. The service on the attorney of record, on the 14th of May, is sufficient to notify his principal of the continuance of a case for trial. It has been frequently held that, in some instances, the service of a citation on, or acknowledgment of, such service by an attorney of record will bind the client, unless on counter affidavit as to want of authority in the counsel as such. It was for the counsel, at the time the case was called, if reasonable grounds for a continuance existed, to have asserted and urged them. It does not appear that any such circumstances were represented to serve as a foundation for a continuance. Besides, the continuance was ordered upon sustaining the exceptions, *in open court.* The trial was therefore proceeded with regularly.

The early history of this case is to be found in 30 A. 1322. The facts announced are in evidence in this case, and are correctly stated. A perusal of the statement may be of interest to the parties concerned, but a repetition of the same on the merits of this case would prove tedious, onerous, redundant. On the plea of *res judicata* set up, which has been noticed, a reference to the nature of the suit and of the substance of the judgment was so made as to suffice to serve as a basis for the determination of all the matters in issue now before us.

The exceptions having been sustained and the plaintiff restricted to proof of payment, he signally failed to establish that mode of extinguishment, so difficult to substantiate when it has *never* occurred. 30 A. 1163. He applied for a commission, and propounded interrogatories which were crossed, and yet the commission appears in the record *unexecuted.*

The defendant having proposed on the trial to show *how* payments had been made, the plaintiff objected on the ground that the defendant could not rebut under the pleadings. This objection was overruled and

a bill reserved. The evidence was superfluous on the part of the defendant in injunction, and could only have relieved and benefited the plaintiff, who has therefore no cause for grievance.

The evidence offered by the defendant shows that what money was paid by the mortgagors was properly credited to those entitled to the credit; that the claim of the bank is correct; that the sum of $8665 was received by the bank from Mrs. Jordan, to whom the bank had sold the property after the adjudication of it to the bank; that this sum was so received in part of the purchase price and in no way for account of either her husband or the minors, plaintiffs in this case, who are the debtors of the bank. To Mrs. Jordan *alone* it appertains to claim from the bank, which is, therefore, responsible to her *only*. She is not a party in any sense to these proceedings.

The defendant complains of the judgment of the lower court in this only, that it does not allow the damages claimed as consequent upon the dissolution of the injunction obtained without bond.

It was held in 15 L. 101, 4 A. 240, 19 A. 182, and 30 A. 316, that damages are not allowable in the same proceeding and summarily.

We have examined those adjudications, but we cannot assume to say that they are founded upon a misconception of the law. Had an injunction issued, in a case in which a bond was required and had been furnished, the Code of Practice, art. 304, provides that, on its dissolution the Court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest and damages. This article is substantially the original act of 1831, commented upon by the decisions to which reference is made. In such cases the Court would be justified thus to condemn the parties, owing merely to the existence of that special legislative authority, which cannot be extended to cases which it was not contemplated to comprise within its compass.

There is, indeed, no reason why a debtor who obtains upon rash sworn statements an injunction arresting without bond executory proceedings, issued against him on his confession of indebtedness in an authentic act, and who wrongfully impedes the process of justice, should not be summarily mulcted at the very moment that the dissolution is pronounced; but as was said in 30 A. 316 : " The law is so clear, so free from doubt, that its letter cannot be disregarded, under the pretext of pursuing its spirit. It may be that it ought to be amended or changed; that as it is, it leaves the door too wide open to groundless defenses, to the litigation often resorted to to gain delay, but until changed or amended, it must be enforced as enacted."

In the case before us, what right the bank may have in damages for the wrongful issuance of the injunction is expressly reserved to be

Gillaspie, Administrator, et al. vs. Scott, Sheriff, et al.

asserted in a proper proceeding. The right, if any, of the defendant to claim value for the occupancy and enjoyment of the property between its adjudication to the bank and the nullity of that adjudication is likewise reserved.

We consider that, under the circumstances of this case, our decision on the differences of the parties will conclude them on the appeal taken by the plaintiff, returnable on the first Monday of June, 1881, to this Court in Monroe. In so declaring, we are supported by reason, and by the ruling in the unreported case of Baker vs. Richardson, decided here on July 3d, 1878, in which the Court said :

"All the parties are before us in the present appeal, and all the issues are presented therein. Our decree, on this appeal, will dispose definitively of those issues, and its execution cannot be retarded by the existence of another appeal, taken in the same case, from the same judgment. The judgment of a District Court may be thus retarded, but a judgment of the court of the last resort, between the same parties, upon the same issues, is final."

We think that the judgments of the lower court are correct, and have done justice to the parties.

It is ordered that the judgments appealed from be affirmed with costs.