## No. 8223.

## W. J. HODGSON VS. MRS. ELLA ROTH AND HUSBAND.

Defendant in executory process is not entitled to an injunction without bond under Article 739, C. P., on the ground that the obligation sued upon was null and without consideration *ab initio.*

On the trial of the suit, in which an injunction was issued without bond, no evidence is admissible in support of allegations other than those containing any of the reasons for the injunction as are enumerated in Article 739, C. P.

The rule, in computing certain legal delays, that neither the day of notice nor that on which the act is to be done are included, does not apply to Article 361, C. C., which provides that agreements between tutors and their wards arrived at the age of majority are null, unless preceded by a full account and vouchers rendered ten days previous to the agreement.

Damages cannot be allowed in the same judgment which dissolves an injunction in a case of executory process. Affirming Decision in Testard vs. Belot, 33 An., (not reported), which re-affirmed 31 An., 729, and 32 An., 932 and 1296.

APPEAL from the Twenty-third Judicial District Court, parish of Iberville. *Cole*, J.

### *Barrow & Pope* for Plaintiff and Appellee:

First—The amended petition was improperly allowed. Being offered on the day of trial it was too late. The injunction having issued without bond, no ground requiring a bond could be considered. 31 An. 112; 30 An. 1164. Amendments to petitions for injunction not allowed. Rhodes vs. Union Bank, 7 R. 63; Bayley vs. Tate, 10 R. 45.

The pendency of a suit to evict which was the averment of the amended petition, requires a bond. C. P. 298–309.

The amended petition filed May 18, 1880, has never been allowed or served. H. D. vol. 2, p. 1182, 1, 19, 2.

The objection to all evidence to sustain any grounds for injunction, whether in the original or amended petitions, being sustained, the objector did not require to take a bill of exception, and did not waive the objection.

Second—The injunction issued without bond, but the original petition set forth no facts sufficient to authorize an injunction under Art. C. P. 739. 1st. The notes are held by a *bona fide* transferee before maturity and no equitable defense can be set up against him. 18 An. 229; 19 An. 507; 12 An. 126; 20 An. 282. 2d. Ella Roth knew of the agreement between Dardenne and Mrs. Marionneaux. 3d. The purchase being that of succession rights there was no warranty against eviction in any particular thing. C. C. 2513 (2487.)

Third—The grounds of the original and amended petitions are not sustained by the facts.

Fourth—Damages are properly allowed. 1st. The injunction was evidently for delay. 2d. The judgment enjoined is a monied judgment and one on which damages should be allowed. 15 An. 328; 3 L. 219; 13 La. 44; 31 An. 678.

### *A. & E. B. Talbot* for Defendants and Appellants:

Amendments to the petition, which do not change the issue are left to the sound discretion of the court, and may be allowed at any stage of the cause to further justice.

Second—A want of consideration in a contract or note entitles the debtor to an injunction under Art. 739 C. P.

Third—An amendment to a petition for injunction, though questionable, is allowable for the promotion of justice, when properly sworn to, and setting forth the causes that make it necessary.

Fourth—An original petition for injunction, alleging gross error in a settlement in which a ward purchased the interest of a tutor in an estate on the basis and faith of an account of tutorship as to the assets and condition of said estate, and praying that a seizure on mortgage notes given as the purchase price by the ward may be suspended until an action of nullity of said settlement is determined, may be amended upon affidavit under Art. 739 C. P. of a want of consideration in said settlement in consequence of the debtor of said estate, in a suit against him by the ward, plead a private agreement with the tutor, releasing him from one-half of the assets sold to the ward, and such an amendment praying that no judgment or only a conditional judgment in the injunction suit be rendered until the suit is determined, is admissible for the promotion of justice between the parties.

Fifth—Gross error, want of consideration, or the pendency of a suit to annul a contract on which mortgage notes were given, are sufficient grounds to enjoin an order of seizure on said notes as between the parties, or third persons acquiring the notes after maturity.

Sixth—Damages can be allowed in the decree dissolving an injunction, in only those cases in which the execution of a money judgment has been suspended by the writ. 29 An. p. 634.

Seventh—As a matter of practice, a bill of exceptions to an amendment to a petition of injunction will be considered as waived where another amendment, in substance the same, is allowed to be filed without opposition several months afterwards, and no bill of exceptions is reserved to the admission of evidence thereon.

### E. T. Florance for Executor, on same side:

First—Where a contract has been made between a tutrix and minor, less than ten days after the rendition of the account and delivery of vouchers, and the minor was in error of fact as to matters of fact in said contract, that an injunction without security will lie to prevent the enforcement of such contract against such minor. C. C. 361; 15 An. 480; 2 La. 523; C. P. 739, No. 6-40; 7 La. 65.

Second—The ten days referred to in C. C. 361, are exclusive of the *dies aquo* and the *dies ad quem.* 12 Robinson, 421; 6 Robinson, 17; C. P. 180, 318; 2 Marcadé, p. 270.

Third—That the pendency of suits whereby the consideration of a sale is put in jeopardy, and whereby a reconventional demand will arise in compensation of said consideration, authorizes the issuing of an injunction without bond, under C. P. 739, No. 7; 4 La. 293.

Fourth—Damages cannot be granted in the judgment dissolving a writ of injunction, other than of the execution of a money judgment. 17 La. 266; 19 La. 361; 12 Annual, 587.

Fifth—An order of seizure and sale is not a "money judgment." 19 La. 361; C. P. 744; Ib. 743; 15 Peters S. C. U. S. 167; 16 La. 254; 13 Annual, 256; 2 Annual, p. 490; 3 N. S. 498; Ibid. 655; 8 N. S. 96; 19 La. 372; 16 La. 101.

Sixth—Damages cannot be granted on dissolving injunction of executory process, where no security has been given. 15 La. 101; 19 Annual, 182.

---

The opinion of the Court was delivered by

POCHÉ, J. A statement of the main facts underlying this litigation is necessary to a proper understanding of the issues presented by the pleadings.

By an authentic act, under date of July 31, 1877, which was ratified in another authentic act on the 24th of August, 1877, Mrs. Ella Roth, the defendant, purchased from Widow Norbert Marionneaux, her mother and former natural tutrix, all the rights, titles, interest and claims of the latter in the property belonging to the succession of her deceased husband (defendant's father), accruing to her as surviving partner in community, as usufructuary, or in any manner whatsoever.

In payment of said purchase, the defendant executed three promissory notes, amounting together to $4000, to be secured by mortgage on the property which has been seized in this case at the instance of plaintiff, Hodgson, as the holder of said notes, which matured on the 20th of March of the years 1878, 1879 and 1880.

His executory proceedings were enjoined by the defendant, who obtained an injunction without bond, on the following grounds:

1st. That the mortgage and indebtedness on which the order of seizure and sale issued were null and void, because they were given to Mrs. Eugenie Marionneaux, her former tutrix, in settlement of the tutorship, in less than ten days after rendition of her account and the delivery of the vouchers.

2d. The account which served as a basis for the notes, was grossly erroneous to petitioner's prejudice. That she would not have given the notes if she had known of the errors which only came to her knowledge on 26th July, 1878.

3d. That she had instituted a suit against Mrs. Eugenie Marionneaux to have annulled said acts on which the executory process issued.

4th. That Hodgson was a holder after maturity.

5th. That said notes and mortgage were obtained from her unlawfully, and Hodgson was aware of the fact when he acquired the notes.

Subsequently, after her death, her executor having been made a party, filed a supplemental petition of injunction, alleging want of consideration of the notes sued on, on the ground that among the items of property transferred to defendant, were seven notes of J. A. Dardenne, amounting together to $9000, represented as community property between her deceased father and her mother, and that suit having been brought against Dardenne on said notes, the latter had set up as defence, a reduction of the same by agreement between defendant's mother and himself ; thus reducing the value of the property transferred to her, and making part of the consideration of the notes executed by her in favor of her mother.

Plaintiff objected to the filing of this amended petition, on the ground that the averments therein set forth would not entitle the petitioner to an injunction without bond, and reserved a bill of exception to the ruling of the judge in allowing the petition to be filed.

The case was tried on the merits by a different judge, who had succeeded the judge who had overruled plaintiff's· objection, and the latter judge, considering the ruling of his predecessor as erroneous, refused to consider the amended petition; and on the merits dissolved the injunction, with damages.

As we understand the case, the appeal taken by defendant presents for solution the following questions:

1st. Whether the last judge in the lower court erred in refusing to consider her amended petition for injunction.

2d. Whether her injunction was properly granted without bond.

3d. Whether the judge erred in dissolving the injunction on its merits.

4th. Whether damages were properly allowed in dissolving an injunction in a case of executory process.

First—Under Arts. 739 and 740 of our Code of Practice, the defendant in executory process can arrest the proceeding without bond, by alleging some of the following reasons: 1st. That he has paid the debt for which he is sued; 2d. That he has been remitted by the creditor; 3d. That it has been extinguished by transaction, novation, or some other legal manner; 4th. That time has been granted to him for paying the debt, although this circumstance be not mentioned in the contract; 5th. That the act containing the privilege or mortgage is forged; 6th. That it was obtained by fraud, violence, fear, or some other unlawful means; 7th. That he has a liquidated account to plead in compensation of the debt claimed; 8th. And, finally, that the action for the recovery of the debt is barred by prescription.

Defendant's counsel contend that the averments of the amended petition are covered by the third reason enumerated in the article under consideration, but we cannot sanction their reasoning.

Their averment means that the obligation was null *ab initio*, for reason of the want of consideration, or, in other words, that it never has had legal existence. If that be the case, counsel have failed to inform us how an obligation which has never sprung into existence can be extinguished. Destruction presupposes existence or being. It is impossible to destroy or extinguish nothing.

The most liberal construction of the article fails to show under which of its eight wings the averments of defendant's amended petition could be sheltered, and forces the conclusion that the supplemental petition should have been excluded, and that the judge who tried the case did not err in refusing to consider the reasons therein advanced.

Second—A careful examination of the five grounds of injunction averred in the original petition, fails to satisfy us that any one of them is covered by the provisions of the article providing an injunction without bond.

Counsel for defendants seem to lose sight of the very material difference between a ground sufficient to maintain an injunction of an executory process in general, and the averments which can, in the exceptional cases enumerated in the Code, justify the issuance of an injunction without bond.

Admitting, for the sake of argument, that the account which served

as a basis of the contract between the defendant and her mother, was grossly erroneous to the daughter's prejudice, that she has instituted a suit for the nullity of the contract, that Hodgson acquired the notes after maturity, we' fail to perceive by what process of reasoning any of these averments can be assimilated to any of the eight reasons enumerated in the article of the Code.

If the fifth ground, charging that the notes and mortgage had been obtained from her unlawfully, had been more specific, so as to allow the introduction of evidence as to the illegal means resorted to, that ground would have approached the sixth reason contained in the article, but in its vagueness it was not susceptible of proof, and was properly considered as not complying with Art. 739.

Plaintiff's counsel properly objected to the introduction of any testimony in support of allegations, other than those containing any of the reasons enumerated in Art. 739.

As a doubt might exist touching the first ground in defendant's petition for injunction, wherein she charges the nullity of the contract with her mother, for the reason that said contract was executed in less than ten days after rendition of her account and the delivery of the vouchers, we have considered this ground as a probably sufficient averment under the sixth ground of Art. 739, and have, therefore, examined the evidence on that point.

The account was presented and the vouchers were delivered on the 14th of August, and the authentic act of ratification was executed on the 24th of the same month. Defendant's counsel contend that the day on which the receipt was given and the day on which the contract was executed, should not have been counted in the computation of the ten days. contemplated by Art. 361 of the Civil Code; and he relies upon several decisions of the Supreme Court expounding Arts. 180 and 318 of the Code of Practice.

The article of the Civil Code strikes with nullity all agreements entered into between minors, arriving at the age of majority, and their tutors, unless the same are preceded by an account rendered and vouchers delivered, "the whole being made to appear by the receipt of the person to whom the account was rendered *ten days previous to the agreement.*"

The articles of the Code of Practice relied upon have reference to the delay granted for the performance of certain judicial acts, Art. 318 containing the following language: "In the delay given to the defendant for answering, Sunday is included like other days, but in all cases where delay is given either to do something or to answer, *neither the day of serving the notice, nor that on which the act is to be done, or the answer to be filed, are included.*"

60

The mere reading of the articles affords an easy solution of the difficulty suggested by counsel, and shows that the question raised is not a legal but a mere arithmetical proposition.

To ascertain whether an event which occurred on the 14th of a month happened ten days previous to an occurrence happening on the 24th of the same month, does not, in our opinion, require a recourse to the Code of Practice or its provisions for the computation of days in special cases provided for.

The article of the Civil Code does not provide that the day on which the receipt is given and the day on which the agreement is entered into are not to be included in the ten days contemplated, and we cannot legislate the rule to suit this case. The evidence, therefore, fails to sustain that element of nullity relied upon by defendant.

In conclusion, we think that the judge a quo did not err in ruling out an amended petition, the grounds of which were not covered by Art. 739, and in refusing to consider any testimony to sustain allegations, under which no injunction could be legally issued without bond: Williamson vs. Richardson, 30 An. 1164; Berens vs. Exs. of Boutté, 31 An. 112; and his judgment dissolving the injunction has our unqualified sanction.

Fourth—But he erred in allowing damages. The vexed question, as to whether damages could be allowed by the same judgment dissolving an injunction in the case of an executory process, was recently reviewed at length by this Court, and finally settled in the case of Testard vs. Belot, recently decided by us on rehearing; in which we held that in such cases the provisions of the act of 1831, embodied in Art. 304, Code of Practice, did not apply. Hence, we must amend the judgment of the lower court in this particular.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to reject the claim for damages on the dissolution of the injunction, which damages are hereby refused, and that, as thus amended, said judgment be affirmed; appellee paying the costs of this appeal.