(108 So. 871)

No. 27653.

**BABST v. HARTZ et al.**

In re HARTZ.

(March 1, 1926.  On Rehearing, May 31, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari &⇒64(1).**

Supreme Court is not concerned with judgment as affecting parties not applying for relief.

**2. Pleading &⇒354(2) — In possessory action, court erred in striking from answer defense that defendant occupied house as owner under act of purchase, for specific performance of which she reconvened (Act No. 300 of 1914, § 1, par. 4).**

Plaintiff not having taken rule for judgment on petition and answer under Act No. 300 of 1914, § 1, par. 4, court erred in striking from answer in possessory action allegations setting up defense and basis for reconventional demand that defendant occupied house as owner under act of purchase, for specific performance of which she reconvened.

**3. Pleading &⇒362(1).**

It is not permissible to strike out of pleading any pertinent matter couched in language not offensive.

**4. Pleading &⇒354(2)—One cannot defeat another's right to proceed summarily by attempting to inject matters extraneous to issues.**

One cannot directly or indirectly, as plaintiff or defendant, in same or by separate proceeding, defeat another's right to proceed summarily in proper case by attempting to inject into summary proceedings matters extraneous to issues triable summarily.

**5. Action &⇒36—One seeking to ingraft in summary proceeding by him matters as to which he is entitled to relief only in ordinary course is conclusively presumed to have abandoned right to extraordinary remedy.**

One seeking to ingraft in summary proceedings matters as to which he is entitled to relief only in ordinary course, as by injecting moneyed demand into summary suit for possession, is conclusively presumed to have abandoned right to extraordinary remedy in order to claim more by ordinary course.

**6. Action &⇒36—Plaintiff converting summary action for possession into ordinary one by injecting moneyed demand cannot complain because defendant answered and pleaded as in ordinary case.**

Plaintiff converting summary action for possession into ordinary one by injecting moneyed demand for rent cannot complain because defendant answered and pleaded as in ordinary case.

**7. Pleading &⇒36(1).**

One is bound by his own pleadings.

**8. Pleading &⇒354(2)—Defense of ownership under act of purchase, set up as defense to demand for rent and basis for reconventional demand for specific performance, held inseparable from main demand, and hence erroneously stricken.**

In action for possession of house and moneyed judgment for rent, allegations of ownership under act of purchase, set up in answer, as defense and basis for reconventional demand for specific performance, *held* inseparable from main demand, and hence erroneously stricken.

Action by Charles J. Babst against Cora E. Hartz and others.  Judgment for plaintiff was affirmed by the Court of Appeal, and defendants apply for certiorari.  Judgments reversed, with directions.

Charles Louque, of New Orleans, for petitioners.

Francis P. Burns, of New Orleans, for respondent in writ.

ST. PAUL, J. ·On October 16, 1922, Thomas W. Hooley was the owner of the premises No. 4826 Pitt street, between Upperline and Bordeaux streets, Prytania street in the rear, measuring 75 feet front on Pitt street by 100 feet in depth.

On that day he leased said premises to Julius Hartz, one of the defendants, until November 30, 1923, at $50 per month. And on September 20, 1923, he sold said premises to plaintiff.

At the expiration of the lease Julius Hartz, the tenant, refused to renew, but he did not vacate the premises, as negotiations were then pending between the parties looking toward a sale of part of the property to one of the defendants.

On October 18, 1923, Miss Gladys Hartz, another of the defendants, made an offer to plaintiff to purchase, for $6,250 cash, "the 4826 Pitt street, single two story, 35x110— or at least 8-foot driveway on down town side of house, or as per title" (sic?), which offer was accepted by plaintiff on the same day.

The parties being unable to agree on what should be deeded, no deed was ever passed between them, but on April 28, 1924, Miss Gladys Hartz signed an act of purchase, in which the description is given substantially as above, which act she tendered to plaintiff for his signature, together with $6,250 cash. But plaintiff refused to sign the deed or accept the cash.

On May 2, 1924, plaintiff brought this action against Miss Gladys Hartz, Julius Hartz, and Mrs. Cora E. Hartz, all of whom were occupying the premises and refusing to pay rent. He prayed that he be recognized as owner of the property; that the defendants be ejected therefrom, *and* that they all be condemned in solido for rent at the rate of $50 per month from October 1, 1923, until the premises should be restored to him. That is to say, he brought a *possessory action* and coupled with it, by cumulating therein, a demand for a *moneyed judgment.*

Mrs. Cora Hartz and Julius Hartz answered that they were occupying said premises with the consent of, and by agreement with, Miss Gladys Hartz, "who occupies the same as owner since October 18, 1923."

Miss Gladys Hartz answered, setting up the aforesaid agreement of October 18, 1923, and plaintiff's unwillingness to execute a deed for more than 35 feet, "which did not give an 8-foot driveway." She further answered that·"she occupies said house as owner, and is in no way bound to pay rent, * * * admits that she has no lease, [and avers] that she required none since she is the owner of said property." Whereupon she prayed that plaintiff's suit be dismissed, and, *in reconvention,* for judgment ordering Chas. J. Babst (plaintiff) to comply with his agreement of October 18, 1923, and sign the act of sale tendered to him on April 28, 1924, "the same to have a retroactive effect as of date October 18, 1923," and that the property be declared to belong to her as of date October 18, 1923. That is to say, she sets up *as a defense* that that she is the owner of the property by virtue of the aforesaid agreement of October 18, 1923, and reconvenes [in the alternative?] for a *specific performance* thereof, with "retroactive effect as of date October 18, 1923."

I.

Instead of going to trial on the issues as thus made up, plaintiff moved to strike out from the answer of Miss Gladys Hartz all allegations tending to support her demand in reconvention for specific performance, and that the case be otherwise proceeded with. In other words, plaintiff moved to strike from her answer *the only defense* which she set up.

## II.

Thereupon the trial judge made plaintiff's said rule absolute, and ordered stricken from said answer all allegations supporting her demand in reconvention for specific performance, and the trial then proceeded, with said allegations stricken out of said answer, the trial judge (consistently) refusing to allow any evidence in support thereof.

There was judgment in the district court against the defendants decreeing plaintiff entitled to possession of the premises and directing that defendants be ejected therefrom; and further judgment against all the defendants in solido for $50 per month from November 18, 1923, until removed from said property. Defendants then appealed to the Court of Appeal, and there the judgment appealed from was affirmed.

## III.

[1] Miss Gladys Hartz *alone* applies to this court for relief. Hence we are not concerned with said judgment in so far as it affects the other two defendants to wit, Mrs. Cora Hartz and Julius Hartz.

## IV.

[2, 3] We think the trial judge and the Court of Appeal erred in striking from this defendants' answer the allegations therein set up as a defense to plaintiff's suit and as the basis for a reconventional demand for two reasons:

(1) The matter thus alleged was set up *as a defense* to plaintiff's suit, and it is not permissible to *strike out* from any pleading any pertinent matter couched in language not offensive. If the defense was *not sufficient in law*, plaintiff might have taken a rule for judgment upon the petition and answer. Act 300 of 1914, § 1, par. 4, p. 612. Not having done so, the defendant had the right to have her defense passed upon in due course, and plaintiff was therefore not entitled to have it *stricken out.*

[4] (2) It is well settled that one cannot, directly or indirectly, as plaintiff or as defendant, in the same or by a separate proceeding, defeat another's right to proceed summarily in a proper case by attempting thus to inject into such summary proceedings matters extraneous to the issues triable summarily. Cepro v. Matulich, 152 La. 1072, 95 So. 226, and authorities there cited; Roussel v. Dalche, 158 La. 742, 104 So. 637.

[5] But it is a far cry from a case wherein one seeks to defeat by such means the right of another to proceed in a summary manner, and a case wherein one is himself seeking to ingraft in a summary proceeding taken by him matters as to which he is not entitled to extraordinary relief, but only to relief in the ordinary course, as by injecting a moneyed demand into a summary suit for possession. In such case he is conclusively presumed to have abandoned his right to the extraordinary remedy in order to claim more by the ordinary course. Cf. Jones v. Bouanchaud (on rehearing), 158 La. 27, 103 So. 393, citing Williamson v. Richardson, 30 La. Ann. 1164; Berens v. Boutte, 31 La. Ann. 112; Gillaspie v. Scott, 32 La. Ann. 767; Hodgson v. Roth, 33 La. Ann. 941.

[6, 7] And when a plaintiff has himself thus converted his summary action into an ordinary one, he will not be heard to complain that defendant has answered and pleaded as in an ordinary case. One cannot refuse to be bound by his own pleadings. Peterson v. Moock, 8 Orleans App. 254.

[8] For the rest, the matters herein set up as a basis for the reconventional demand (and as a defense) are clearly so intimately connected with the main demand as to be altogether inseparable therefrom; for defendant's pleas, if well founded *in law and in fact*, must of necessity defeat plaintiff's demand and entitle defendant to judgment in reconvention as prayed for. Of course we are here not even suggesting that said pleas are well

founded either in law or in fact. That is not now before us.

## Decree.

The judgment of the district court and of the Court of Appeal is therefore reversed and set aside so far as it affects Miss Gladys Hartz, the relator here, and it is now ordered that the answer and reconventional demand of the said Miss Gladys Hartz be reinstated and the case as against her then proceeded with in due course and as hereinabove set forth. Plaintiff to pay all her costs in this court and in the Court of Appeal, and all such costs in the district court to await the final determination of the case against her.

## On Rehearing.

LAND, J. In the original opinion we made the following statement: "Miss Gladys Hartz alone applies to this court for relief. Hence we are not concerned with said judgment in so far as it affects the other two defendants, to wit, Mrs. Cora Hartz and Julius Hartz."

In the application for rehearing in this case, our attention was called to the fact that the application for review of the judgment rendered by the Court of Appeal for the parish of Orleans is signed also by the defendants Mrs. Cora Hartz and Julius Hartz.

We were led into the error complained of by the fact that the defendants Mrs. Cora Hartz and Julius Hartz had not signed the application to this court for the writ of certiorari jointly with Miss Gladys Hartz, but had affixed their signatures to said application, below the jurat of the notary public, to the affidavit made by Gladys Hartz, and under a joint application made by the other defendants and written in a single line, a most unusual place for the signatures of an applicant to this court for a writ of review.

Working, as the judges of this court do, under great stress at all times, because of the congestion in the business of the court, and because of the enormous records which we are required to read and digest in a number of cases, we have not the time to make a microscopic investigation of pleadings addressed to us in any case. Mere regularity in the form of such applications will obviate mistakes and lessen the burden of the court. The effect, however, of the inadvertence to which we have been directed does not necessitate any change in the views of the court as set forth in the original opinion, but requires a mere amendment of our decree as to the other two defendants, Mrs. Cora Hartz and Julius Hartz.

It is therefore ordered that our original decree be and is hereby amended so as to read as follows: The judgment of the district court and of the Court of Appeal is therefore reversed and set aside as to all of the defendants, relators here, and it is now ordered that the answer and reconventional demand of Miss Gladys Hartz be reinstated and that the case be proceeded with in due course as to all defendants, and as hereinabove set forth. Plaintiff to pay all costs in this court and in the Court of Appeal, and all such costs in the district court to await the final determination of the case against defendants.

It is further ordered that our original decree, as amended, be made the final judgment of this court.