This is a suit on a contract. Plaintiff alleged that he was employed by defendant to do certain excavating work on Lot 13, Block 53, City of Shreveport, Caddo Parish, Louisiana; that petitioner agreed to use his own labor and equipment and remove sufficient dirt from said Lot to make the property level with the adjoining parking lot; and that defendant agreed to pay him the sum of $250 for such excavating. Plaintiff further alleged that he had an additional agreement with defendant to remove 141 truck loads of the dirt taken from the Lot to 722 Grand Avenue at an agreed price of fifty cents per load, or $70.50.
Plaintiff further alleged that he completed his work in accordance with the contracts except for leveling the property, which would not have taken more than two hours and was ready and willing to finish the job but defendant refused to allow him to do so. He prayed for judgment in the sum of $320.50.
Plaintiff filed a supplemental petition in which he set out that the contract was oral and entered into on March 1, 1941. He also alleged, in the alternative, that if the court should find there was no specific agreement or contract between him and the defendant, then he should recover on a quantum meruit and that a reasonable price for the work he performed is $320.
Defendant filed a motion to strike from the amended petition that portion regarding *Page 76 
the quantum meruit and, in the alternative, that plaintiff be ordered to elect whether he stands on a contract or on a quantum meruit.
Defendant in answer admits he entered into a contract with plaintiff to do certain excavating work for an agreed consideration of $250 and further answering, he alleged:
"XV. And now, further answering plaintiff's amended petition, defendant avers that he did enter into an oral contract with plaintiff during the first week of March, 1941, under which contract plaintiff agreed to grade and reduce to the level of the street the said lot described in plaintiff's petition, and remove the excavated dirt from the premises, plaintiff to furnish all equipment and work necessary to do said work in a first-class and workman-like manner, said lot to be graded to street level for a distance of 100 feet from the front of said lot, and the remainder of said lot to be graded by tapering the same from said street level to the level of the alley in the rear of said lot.
"XVI. That the agreed contract price for said work was the sum of $250.00, to be paid to plaintiff upon completion of the contract; and it was contemplated by the parties that the said work was to be started shortly after the contract was entered into and completed with due diligence, and it was estimated by the parties that it would be completed in not over two weeks.
"XVII. That the plaintiff started said work on or about March 14th and continued same for about a week, but only did a part of the work provided for under the contract; whereupon he ceased work and left the property and defendant did not hear from him for several days. That plaintiff then communicated with defendant and stated he was not going to proceed further under the contract.
"XVIII. That plaintiff then denied that he was to do any more work than he had performed to that time (which was only part of the work to be done under the contract), and stated that he could not afford to do any more work as he was losing money on the contract, and he refused to do any more work and abandoned the contract.
"XIX. That thereafter defendant continued to call on plaintiff to complete the said contract, and informed him that if he did not do so at once he (defendant) would be obliged to have the work finished by someone else; but plaintiff continued to refuse to perform any further work and to deny that he was obligated to do so, and to persist in his abandonment of said work and said contract.
"XX. That defendant thereupon obtained bids to have the work completed by grading said lot to the level of the street, and removing all dirt from the premises, as provided by the contract, and employed another contractor to complete the work, which has been duly finished and completed at an expense of $237.00.
"XXI. Defendant further avers that by reason of plaintiff's abandonment of said contract after only partially performing the same, as set forth above, defendant has been obliged to have the said work completed, and has been damaged to the extent of the sum of $237.00 expended for completing said work, which amount when deducted from the original contract price of $250.00, reduces the balance due plaintiff to the sum of $13.00, which sum he herewith tenders to plaintiff and deposits in the registry of the Court subject to withdrawal by plaintiff.
"XXII. Defendant further avers that he agreed to pay plaintiff 50 cents a load for certain dirt removed from the premises amounting to a total of $70.00, which sum he herewith tenders to plaintiff and deposits in the registry of the Court subject to withdrawal by plaintiff.
"XXIII. And now, assuming the position of plaintiff in reconvention, defendant avers that he has been damaged in the sum of $237.00 by reason of the abandonment of the aforesaid contract by plaintiff before the same was fully performed and completed, being the amount expended and consequent loss to him (and a fair and reasonable value for the work done) in completing the work provided for under the contract with plaintiff, and that he is entitled to judgment in reconvention against plaintiff in said amount.
"Wherefore, defendant prays that the plaintiff's demands be rejected and that there be judgment in his favor and against plaintiff, J.D. Atchley, decreeing that any sum due plaintiff under his contract be reduced by the amount of damages suffered by defendant for completing same; and further decreeing that defendant has legally tendered to plaintiff all sums due him; and that there be further judgment in reconvention in favor of defendant, Charles L. *Page 77 
Horne, Jr., and against plaintiff in the sum of $237.00, with legal interest from judicial demand, together with all costs of court.
"Defendant further prays for all orders and decrees necessary and for general and equitable relief and costs."
The lower court awarded judgment for plaintiff in the amount of $288 with legal interest from date of judgment until paid and all costs. From that judgment defendant is prosecuting this appeal and the plaintiff has answered the appeal praying that the judgment be increased to the amount sued for.
The lower court overruled the motion to strike and correctly so for such motions have no place in our pleading and practice. Stanley, Attorney General v. Jones, 197 La. 627, 2 So.2d 45; State ex rel. Sutton et al. v. Caldwell, Mayor et al.,195 La. 507, 197 So. 214; Perez, District Attorney, v. Meraux, Judge,195 La. 987, 197 So. 683; Babst v. Hartz et al., 161 La. 427,108 So. 871; Central Savings Bank Trust Company v. Oil Field Supply 
Scrap Material Co., La.App., 12 So.2d 815; Id., La.Sup.,12 So.2d 819, not yet reported [in State reports].
It is with some difficulty that we arrive at the facts of this case, due to the sparcity of testimony, but we are convinced the facts are as follows: Mr. Pennock was operating a small machine shop in an alley near the lot owned by defendant over which this suit arose. His business had grown to where it was necessary for him to have a larger shop. He and defendant had discussed the question of defendant erecting a building on this vacant lot and allowing him to rent it. Considerable excavating was necessary to bring the lot to a level with the adjoining property before erecting a building thereon. Mr. Pennock was anxious for the building and therefore interested himself in finding someone to excavate the lot and as cheaply as possible, for the reason the amount of rent he would have to pay would to a large extent be governed by the cost of excavating and the erection of the building. He contacted plaintiff in this case and suggested to him that he could secure the job for a price of $250. He only wanted the lot to be brought to a level with the adjoining parking lot, so plaintiff agreed to excavate the lot to a level with the parking lot for $250.
Mr. Pennock then brought plaintiff and defendant together and they entered into an oral contract and plaintiff moved his drag line or steam-shovel onto the property and began moving dirt, using two of his own trucks and several belonging to Mr. Horton, who was willing to take the dirt from the property for his own use elsewhere without any cost to plaintiff. Plaintiff and defendant are in accord on the fact that a contract was entered into and the consideration was $250. They differ as to the amount of excavating that was to be done under the contract. Plaintiff contends that it called for the grading of the lot to a level with the adjoining parking lot and defendant contends it was to be to the level of the sidewalk.
There are several things in the testimony which we think corroborate plaintiff's contention and they are as follows: Mr. Pennock was the one for whom defendant was going to erect the building and he only wanted the lot graded to the level of the adjoining parking lot. At the time the contract was entered into defendant intended to erect a tin or sheet metal building, which required little if any foundation. Although defendant was to furnish the stakes to show the grade required, none was furnished until plaintiff had practically completed the job of reducing the level of the lot to the level of the parking lot, and after defendant had decided to discard the idea of a sheet metal building and erect a brick instead. It would not have been practicable to erect a brick building on the lot unless it was brought to a level nearly the same as the sidewalk. It was entirely practicable to erect a tin or sheet metal building on the lot, when brought to a level with the adjoining parking lot.
Although not controlling, it adds weight to the other evidence when we consider that the price made by plaintiff for the grading of the lot would have been several times less than the value of the work if the contract had been as contended by defendant. The record shows conclusively that the price of $250 was even less than the value of the work in bringing the lot to the level the contract called for, as contended by plaintiff. We are convinced there would never have been any dispute over the contract had defendant not changed his mind about the kind of structure he would erect on the lot.
The lower court arrived at the sum of $288 which it awarded plaintiff by deducting $32 from the amount of the contract price, plus $70 worth of dirt hauled *Page 78 
to other properties of defendant by plaintiff's trucks. It found, and we are of the opinion correctly, that the cost of finishing the work plaintiff contracted to perform was $32 and that he was entitled to the contract price, less that amount. Bouterie v. Carre, La.App., 6 So.2d 218; Slack v. Standard Chevrolet Corp., La.App., 197 So. 200; Selby et al. v. City of New Orleans,119 La. 900, 44 So. 722.
The law never intended that one should receive the benefits of another's services without paying for them, in other words, to enrich himself at the expense of another.
We are convinced the judgment of the lower court is correct and it is affirmed, with costs.