This cause was remanded to the District Court for the purpose of fixing the jurisdictional amount involved, La. App.,37 So.2d 566, and has been returned to us for action on the appeal on the basis of a stipulation of counsel for parties plaintiff and defendant to the effect that the amount involved is more than $100 and less than $2,000. On the basis of this stipulation, therefore, we proceed to a consideration of the merits of the appeal.
This is a summary proceeding having for its purpose the eviction of defendant from a 200 acre tract of land located in Concordia Parish, Louisiana, of which plaintiff asserts ownership. There was judgment in favor of plaintiff, from which defendant has brought this appeal.
The basis of the appeal is predicated upon a number of assignments of error, of which we find it necessary to consider only one. After interposing an exception of no right or cause of action and a plea of lis pendens, defendant filed answer to plaintiff's petition. The answer consisted of some 21 articles, and plaintiff in turn filed a motion to strike from the answer 16 specifically numbered articles thereof. The motion was allowed by the District Judge.
Before this Court defendant contends that the allowance of the motion to strike is highly prejudicial in that it foreclosed the defendant from tendering evidence bearing upon the question of title of plaintiff in and to the property involved.
Conceding the well established proposition that a tenant is not privileged to attack the title of his lessor, our examination of the pleadings does not sustain a finding that this is the basis of the defense. On the contrary, numerous articles in defendant's answer bear out the contention made that he is attacking plaintiff's right on the ground that defendant was not holding under a lease either from plaintiff or plaintiff's author in title.
The major part of the argument and briefs of opposing counsel before this Court has been devoted to a discussion of the question involving title. It is quite true that the determination of this question may be, and likely is, the focal point of this case. But, however that may be, we are of the opinion that we are not at liberty to consider this proposition under the present condition of the record in this case. It is obvious that by the unauthorized allowance of plaintiff's motion to strike defendant has been deprived of his right to offer testimony in support of the allegations set forth in his answer. Whether this testimony, if and when tendered, should be received or excluded, is another matter and one upon which we have no right to express an opinion unless and until defendant has been accorded the right to proceed with the effort to accomplish his purpose. To make any pronouncement on this point would be in effect to prejudge the issue.
As we have above noted, the allowance of the motion to strike was unwarranted. It is conclusively established in our jurisprudence that a "motion to strike" has no place in our pleading and practice. Davies v. Consolidated Underwriters, La. App., 14 So.2d 494; Atchley v. Horne, La. App., 13 So.2d 75; Central Savings Bank Trust Company v. Oil Field Supply 
Scrap Material Company, La. App., 12 So.2d 815; Id.,202 La. 787, 12 So.2d 819; Perez v. Meraux, 195 La. 987, 197 So. 683; State ex rel. Sutton et al. v. Caldwell, 195 La. 507,197 So. 214; Babst v. Hartz et al., 161 La. 427, 108 So. 871.
Regardless of the question of the admissibility or merits of evidence proposed to be offered by defendant, there can be no doubt as to his right to make the tender *Page 804 
in support of the allegations of his answer. It necessarily follows that the ruling of the District Judge in sustaining the motion to strike constituted reversible error.
For the reasons assigned, the judgment appealed from is reversed and set aside, and this cause is remanded to the Honorable the Seventh Judicial District Court in and for the Parish of Concordia, State of Louisiana, for further proceedings in accordance with the holdings set forth herein. Costs of this appeal are assessed against plaintiff-appellee.
TALIAFERRO, J., recused.