SANDERS, Justice.
This matter is before us on an appeal by the Louisiana Public Service Commission from a judgment of the district court setting aside in part Order No. 8920 of the Commission and enjoining its enforcement to require refunds or reduce the rates of United Gas Pipe Line Company. The judgment expressly reserved to the Commission the right to enter any lawful order requiring changes in the rates, “after a hearing and determination by the Commission of the cost of rendering the service regulated and a finding by the Commission that the changed rates are fair and reasonable, as required by law.”
The facts pertinent to the present appeal are these: United operates an interstate pipe line system, selling natural gas at wholesale in the State of Louisiana. The Louisiana Public Service Commission has exclusive jurisdiction for rate-making purposes of the sales in its New Orleans Zone and Southwest Louisiana Zone.[1] On the other hand, the well-head price of much of the natural gas that United purchases from producers is regulated by the Federal Power Commission. The Natural Gas Act[2] establishes a procedure whereby increased well-head prices are made effective pending an investigation and hearing by the Federal Power Commission. These interim prices are subject to reduction and refund upon the final determination of the rate. The cost of natural gas represents in excess of 70% of United’s total cost of service to its customers.
During the period from 1960 to 1962, United received three rate increases in proceedings then pending. In these orders, the-Louisiana Public Service Commission took notice of the pendency of proceedings before the Federal Power Commission affecting the cost of gas purchased by United,, that is, involving interim prices subject to reduction and refund. The Commission included in its orders the following provisions :
Order No. 8061, Docket No. 7970 (New Orleans Zone)
“Since our determination of the reasonable and just rates for United in this proceeding is based upon amounts, being paid to producers for purchased' gas of which many are subject to refund, we shall require United to make appropriate refunds to its New Orleans Zone Town Border customers of any money subsequently received from its suppliers by way of refund, including interest, which is applicable to gas supplied on and after the date the rates specified by this order shall become, effective.”
Order No. 8578, Docket No. 8358: (New Orleans Zone)
“In the event that United shall receive-refunds in the future from its producer-suppliers by reason of the action of the Federal Power Commission disallowing increased rates filed by any producer-supplier, then United shall make a corresponding refund to its town border customers in the New Orleans Zone pro rata on a volumetric basis to the extent such producer-supplier refund is applicable to the period after the effective date of the rates prescribed herein. In the event that such reduction in the charges made by the producer-suppliers will have a future effect in addition to the refunds, then United shall file revised Rate Schedules . which place such reduction into effect.” '
*345 Order No. 8394, Docket No. 8111 (Southwest Louisiana Zone)
'“In the event that United should re■ceive refunds in the future from its producer-suppliers by reason of the action of the Federal Power Commission •disallowing increased rates filed by any producer-supplier, then United shall make a corresponding refund to its .town border customers in the Southwest Louisiana Zone pro rata on a volumetric basis to the extent such producer-supplier refund is applicable to the period after the effective date of the rates prescribed herein. In the event that such reduction in the charges made by producer-suppliers will have a future effect in addition to the refunds, then United shall file revised Tate schedules which place such reduction into effect.”
On December 28, 1962, the Louisiana Public Service Commission issued a rule ordering United to show cause why refunds received by it from producers of natural gas as a result of orders of the Federal Power Commission should not be passed on to its customers and why the rates should not be revised accordingly.[3]
United filed an answer in which it expressed a willingness to pass on to its intrastate customers their proportion of the refunds received and proposed a method of making the refunds.
In its answer, however, United resisted 'the revision of rates stipulated in the orders issued in Docket Nos. 8111 and 8358 on the ground that “other increases in producers’ rates have occurred causing United’s current purchased gas cost to be higher, not lower, than the level of such costs” on which the rates were fixed in the above proceedings. United further alleged that if “the Commission contemplates any revision of United’s rates in this proceeding, then United says current costs require an upward revision of its rates and it reserves the right to present evidence of such costs and asks for increased rates in this proceeding.”
On May 23, 1963, without assigning the rule to show cause for hearing, the Commission issued its Order No. 8920.[4] It approved United’s proposed method of making refunds and ordered United to make the refunds. It further ordered fire rates of United to be revised downward in accordance with its findings that producer proceedings had reduced the interim gas prices used in computing the cost of service in United’s rate proceedings. It denied United a hearing on the rule to show cause on the ground that only compliance with the prior automatic revision was involved and that if “United should require additional revenues, then United should have made a filing for higher rates as a matter apart from these proceedings.”
In its petition to the district court, United attacked the above order on the following grounds:
(1) The Louisiana Public Service Commission abused its discretion and violated the law in ordering into effect admittedly unjust and confiscatory rates, knowing that the existing rates were fully supported by actual, experienced costs.
(2) The Louisiana Public Service Commission abused its discretion and violated the law in not fixing its show cause for hearing, or granting the hearing asked by United, at which United would have shown that its actual, experienced costs have at all times, since the Commission fixed *346 United’s rates in Docket Nos. 7970, 8358 and 8111, been higher than the levels of costs on which the Commission fixed rates in those proceedings.”
United re-urges these grounds of attack in this Court, contending that the Commission abused its discretion, if it had any, in issuing the order without notice, hearing or evidence.
The Louisiana Public Service Commission asserts that it has full authority to adopt a ratg subject to automatic revision upon the occurrence of a specified future event, as it did in the rate orders of United; that no hearing or oral argument is required to enforce the order; and that United has attempted to inject into the proceeding increases in costs other than those on which the automatic revision was predicated in order to secure a rate increase.
The question presented is whether the Louisiana Public Service Commission erred in ordering the downward revision of rates without notice and a hearing under the circumstances of this case.
The Louisiana Public Service Commission has full authority to fix a rate subject to an automatic revision dependent upon a future event.[5]
By its rate orders in the instant case, the Commission fixed rates subject to a downward revision contingent upon action of the Federal Power Commission reducing the interim prices of producers with future effect. The theory underlying this rate device was that the interim prices, although subject to reduction by the Federal Power Commission, should be used in the rate computation to protect the utility but that the downward revision should be provided to protect the consumers in the event the interim prices were ultimately reduced. The appropriate final order of the Federal Power Commission triggers the revision and determines its extent.
The Louisiana Public Service Commission, properly in our opinion, initially resorted to a rule to show cause to enforce the rate revision orders. The Commission had made the revision contingent upon a Federal Power Commission reduction of producer prices that would have future effect in addition to refunds. Thus, the Commission is required to determine whether the Federal Power Commission has in fact reduced the interim producer prices used in the original rate computations, whether the reductions, if any, will have future effect in addition to refunds, and, if so, the method of translating the reductions into the rate schedules. Since these determinations are to be made within the framework of the original rate orders, a summary proceeding by a rule to show cause is proper.
The Commission, however, fell into error when it later abandoned the rule to show cause and issued its order without evidence or argument. Since the enforcement of these revision orders requires the several determinations mentioned, the utility has the right to a hearing of the summary proceeding to adequately protect its interests. We conclude, as did the district court, that the order must be set aside.
It is clear, however, that United cannot inject into this summary proceeding the issue of whether a further rate adjustment is warranted by increases in other gas costs, as it has attempted to do in its answer. The propriety of the downward revision previously ordered cannot be reexamined. Any readjustment of rates is the subject of a rate proceeding. The Rules of the Louisiana Public Service Commission specifically provide that proceedings for rate increases must be initiated by petition, with a fixed delay and notice to the public.[6] *347 Moreover, it is a fundamental rule óf procedure that a party cannot, directly or indirectly, defeat the right to proceed summarily by injecting into a summary proceeding matters extraneous to the summary issues.[7]
To support its order, the Louisiana Public Service Commission relies upon Mississippi River Fuel Corp. v. Federal Power Comm.[8] While this decision is persuasive only, we believe it to be distinguishable from the case before us. It involved an automatic downward revision order of the Federal Power Commission contingent upon a reduction in gas supplier prices in other proceedings before the same agency. These proceedings terminated in a settlement incorporated in an order of the Federal Power Commission. The Federal Power Commission, dealing solely with its own official records and acting under a special provision of the Natural Gas Act, ordered the downward revision in effect without a hearing. The Court upheld the action of the Commission on the ground that no evidentiary hearing was needed and that the loss of the privilege of oral argument was not a denial of due process.
In any summary proceeding hereafter, the Louisiana Public Service Commission may restrict the evidence and argument to that relevant and material to the summary issues presented by the rule to show cause.
For the reasons assigned, the judgment of the district court is amended to provide that the decree is without prejudice to the right of the Louisiana Public Service Commission to enforce compliance with its previous rate orders by a summary proceeding in accordance with the views herein expressed, and, as amended, the judgment is affirmed.
SUMMERS, J., concurs.

. Now Lafayette Zone.

. 15 U.S.C.A. § 717 et seq.

. Tlie rule to show cause actually provided “for such further order or orders as the Commission may deem necessary in the premises.” The parties have construed the pleading to embrace the rate revision. Since the question is not before us, we express no opinion on the sufficiency of the notice.

. Order No. 8941, dated July 17, 1963, amended the Order in one respect and denied a rehearing.

. Art. VI, Section 4, Louisiana Constitution, LSA.

. Subsection N of the Rules of Practice, Louisiana Public Service Commission (Revised to May 1, 1948).

. Babst v. Hartz, 161 La. 427, 108 So. 871 and the authorities therein cited.

. 108 U.S.App.D.C. 284, 281 F.2d 919.