Picard & Weil vs. Prival.

## No. 8782.

### PICARD & WEIL VS. LOUIS PRIVAL.

A Judge cannot change the minutes of his court to correct the errors of counsel, but the power is inherent in every court to correct its minutes, in chambers as well as in term, so as to make them conform to the truth.

In criminal cases, when the correction is applied for in chambers by the State, notice must be given the defendant, and *vice versa*, and in civil causes, when the change affects the rights of parties to suits, and the application comes from one of them in chambers, notice must be given the other.

An appeal taken by petition cannot be made returnable before the expiration of the delay computable for the distance from the domicile of the appellee to the place where the appellate court is held.

A PPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Yoist, J.*

---

*W. W. Leake* and *Robt. Semple* for Plaintiffs and Appellees:

Appeal taken by petition and citation, which does not give the appellee sufficient time to appear will be dismissed.   C. P. 583, 180 ; 8 La. 220 ; 12 La. 480, 483 ; 26 An. 747 ; 32 An. 692.

The Judge *a quo* cannot *ex parte* in chambers change the minutes of the court, correcting an error of counsel.

*A. Bonanchaud* and *James Vignes, Jr.* for Defendant and Appellant.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J.   The judgment was rendered at the January Term, 1883, of the Pointe Coupée court, and on the 17th of that month a devolutive appeal was granted on motion of the defendant in open court, " returnable to the appellate court of the State of Louisiana, sitting in the parish of Pointe Coupée on the 4th Monday of April next, on said defendant furnishing bond in the sum of ten dollars." The term closed on the day that appeal was granted.

On the 27th of the same month an appeal was prayed by petition, returnable to the Supreme Court on the second Monday of February, 1883, and it was ordered, and citation was served on the 31st.   The second Monday was the 12th day of the month, and there was not sufficient time between these dates for the requisite delay.

This is one of the grounds of the motion to dismiss.

On January 30th, three days after the petition for appeal to this Court had been filed and the appeal granted as prayed, the defendant presented another petition, setting forth that he had in fact moved on the 17th for his appeal to be returnable to this Court, but through error and inadvertence the clerk had entered on the minutes that it was returnable to the Circuit Court, and he prayed a correction of the minutes accordingly, and an order was made to that effect.

This presents another ground for dismissal, put in this form—that the Judge is not authorized to change the minutes of his court in chambers, on an *ex parte* motion, to correct errors of counsel.

A Judge cannot change the minutes of his court at any time to correct the errors of counsel, but the power is inherent in every court to correct its minutes, in chambers as well as in term, so as to make them conform to the truth.    State vs. Folke, 2 Ann. 744.    We have held in criminal cases it cannot be done in chambers on an *ex parte* motion of the State without notice to the prisoner.    State vs. Revells, 31 Ann. 387.    There seems to be no good reason why the same rule should not be applied to civil causes when the change affects the rights of parties to suits, and the application for it comes from one of them, and is made in chambers.    No notice whatever was given to the plaintiffs.

The facts of this case, as developed by the dates of the several petitions, and motion, and orders thereon, furnish the best argument for thus extending the rule.

The motion of the 17th states with elaboration the court to which the appeal was prayed in the words quoted above, and the amount of the bond is adapted only to that court.    The defendant treated that motion as correctly entered by his petition on the 27th for an appeal to this Court, the obvious purpose of which was to repair that blunder, and it was only when it was discovered that the effort to repair it had plunged him into another, that he sought to have the minutes of court altered to conform, not to the truth, but to his necessities.

The appeal taken by motion in open court is not before us, because it is by its terms returnable to the Circuit Court.    The appeal by petition cannot be returnable here on the second Monday of February, 1883, because, owing to the distance of Pointe Coupée from this City, there was not sufficient time for the delay required by law.    Code Prac. Art. 583.

The appeal is dismissed.