O’NIELL, O. J.
 

 This is a mandamus proceeding to compel the judge of the district court for the parish of St. Bernard either to recuse himself or to refer the relators’ motion for recusation to a judge in an adjoining district for trial. The judge whose recusation is sought rejected the petition, because, in his opinion, the allegations did not set forth a cause for recusation.
 

 The relators are the defendants in a criminal prosecution fob libel. The accusation in the bill of information is that the defendants, as plaintiffs in a civil suit, entitled State ex rel. Richard W. Gallardo, Jr., et al. v. St. Bernard Trappers Association, Inc., et al., No. 132 of the docket of the district court for the parish of St. Bernard, maliciously defamed Leander H. Perez, one of the defendants in said suit, by making false, scandalous, defamatory, and libelous allegations concerning him, in their petition in said suit. The petition filed in the civil suit is copied in the bill of information in the criminal prosecution.
 

 The bill of information was filed by the Attorney General. The reason why it was not filed by the district attorney is that Leander H. Perez is the district attorney in and for the parish of St. Bernard, and is therefore recused in the criminal prosecution.
 

 One of the defendants in the civil suit is a first cousin of the judge of the district court for the parish of St. Bernard. The judge, therefore, recused himself in the civil suit, and assigned the case to one of the judges of the civil district court for the parish of Orleans for trial. It is alleged by the relators that another reason why the judge recused himself in the civil suit, and the reason why be assigned the case to a judge of another district court instead of appointing a member of the bar as judge ad hoc, was that the judge was interested in the case. Section 3 of the Act 40 of 1880 provides that, when a district judge is recused because of interest in a case, he shall assign the ease to a judge of a district court in an adjoining district for trial; and section 2 provides that, when a district judge is recused for any other cause than that of interest in the ease, he shall appoint a lawyer as judge ad hoc, if one having the necessary qualifications can be had at the term of court in which the recusation is declared ; otherwise he shall assign the case to a judge in an adjoining district.
 

 The respondent judge in this case denies
 
 *885
 
 that he has any interest in the case, and avers that his only reason for being recused in the civil suit is that one of the defendants in the suit is his first cousin. The relators alleged, however, in their petition to the judge, asking for his recusation, that he was interested in the civil suit, and that, as the truth of the allegations made in their petition in that suit would be as important an issue in the criminal prosecution as in the civil suit, the judge was as much interested in the criminal prosecution as in the civil suit. The relators do not state what interest the judge has in the civil suit. Whether their allegation that he is interested in the case, without stating what his interest is, is a sufficient allegation to require the judge to refer the matter to another judge for proof of the allegation is one of the questions to be decided in this proceeding.
 

 The criminal proceedings were begun before an answer was filed in the civil suit. In fact, the bill of information was filed on the sixteenth day after the civil suit was filed. The result of the criminal prosecution will depend, of course, upon the truth of the allegations made by the defendants as plaintiffs in the civil suit, and so, of course, will the result of the civil suit depend upon the truth of the allegations of the plaintiffs in that suit — defendants in this criminal prosecution. It seems anomalous, therefore — and is opposed to the spirit, if not the letter, of the law — that the judge who is not qualified to try the civil suit should be qualified to try the criminal prosecution.
 

 The responsibility resting upon the trial judge, and the latitude of discretion invested in him, in a prosecution for libel is exceptionally great. The penalty is either fine or imprisonment, or both, at the discretion of the judge. Rev. Stat. § 804. In such ease, the fine may be as great as $1,000, or as smail as the judge deems fit; and the term of imprisonment may be as long as two years, or as short as the judge deems fit. Rev. Stat. § 982. The imprisonment being without hard labor, the case must be tried by the judge, without a jury. Const, art. 7, § 41, p. 50. The defendants in such case have no right of appeal, unless the judge sees fit to impose a fine exceeding $300, or imprisonment for a term exceeding six months, and even then, there is no appeal from the judge’s findings of fact on the question of guilt or innocence. Const, art. 7, § 10, par. 7.
 

 In State v. Banta, 122 La. 235, 47 So. 538, where the prosecution was to be tried by the judge without a jury, it was held that the defendant’s allegation, in a motion for' recusation of the judge, that- the judge was a personal enemy of the defendant, and was so biased and prejudiced as to be incapable of giving him a fair and impartial trial, was a sufficient allegation to require the judge either to recuse
 
 himself or to
 
 refer the matter to another judge for decision. The doctrine of the decision was afterwards modified so that it should not be regarded as authority for the proposition that the mere allegation of bias and prejudice on the part of the judge is an allegation of “his being interested in the cause,” or that the mere allegation of bias or prejudice sets forth a cause for recusation of the judge. See State v. Nunez, 147 La. 404, 405, 85 So. 56; citing State v. Blount, 124 La. 202, 50 So. 12; State v. Hayes, 127 La. 764, 53 So. 983; State v. Morgan, 142 La. 764, 77 So. 588. In the latter case, referring to the Banta Case, it was pointed out that the responsibility and authority of the trial judge in a case tried without a jury were in some respects greater than in a trial by jury, viz:
 

 “Banta’s Case was to be
 
 tried by
 
 the judge, without a jury; the defendant had no remedy by appeal from the judgment, unless the judge should see fit to impose a fine exceeding $300 or imprisonment for a term exceeding six months, and, even in that event, the judge’s findings on questions of fact pertaining to the guilt or innocence of the defendant would have been final.”
 

 The causes for which a judge may be recused are set forth in the Act 203 of
 
 *887
 
 1918, p. 380, and in the Act 40 of 1880, p. 38, so far as the act of 1S80 is not superseded by the act of 1918. The first cause stated, in both statutes, is the judge’s being interested in the case, and the second cause stated is his being related to one of the parties to the suit within the fourth degree. Although the statute does not, in terms, require that a party who requests the recusation of a judge because of,his being interested in the case shall state how the judge is interested, the judge has the right to be so informed, if he does not admit that he is interested in the case; but, in such case, if the judge denies that he is interested in the case, and therefore refuses to be recused, he must refer the motion for recusation to another judge for decision. See State v. Nunez, 147 La. 394, 85 So. 52, and the decisions there cited. Section 1 of the Act 40 of 1880, as well as of the Act 203 of 1918, declares that, where the state or a parish or a political or religious corporation is interested in a ease, the fact that the judge is a citizen or an inhabitant or a taxpayer of the state or parish, or a member of the political or religious corporation, shall not be a cause for his recusation. If the judge, in this case, should demand that the relators inform him as to how they believe he is interested in the case, and if they should fail to allege any other interest than that he is a taxpayer or citizen of the state, the state being the complainant in the criminal prosecution, the judge would be justified in overruling the motion for recusation,, as far as the allegation that he is interested goes. But, even then, he ought to be recused because of his being a first cousin of one of the defendants in the civil suit, and ought to proceed according to the provisions of section 2 of the Act 40 of 1880, and appoint a lawyer having the qualifications of a judge of the district court for the parish of St. Bernard," if‘a lawyer having the qualifications can be had, to try this criminal prosecution; and, if a lawyer having the qualifications, cannot be had, the judge should assign the case to a district judge in an adjoining district for trial. If the judge should be recused because of interest in the case, he should proceed according to the provisions of section' 3 of the Act 40 of 1880, and assign the case to a district judge in an adjoining district. The question whether the judge is interested in the case, either in the criminal prosecution or in the civil suit, ought to be decided first, and by a district judge in an adjoining district, if the respondent judge will not recuse himself for that cause, because upon that question will depend the question whether the case must be assigned to another district judge or may be tried by a lawyer as judge ad hoc.
 

 At all events, we maintain that, inasmuch as the truth1 of the allegations in the petition of the plaintiffs in the civil suit — defendants in the criminal prosecution — is apt to be the principal issue in the criminal prosecution, as well as in the civil suit, the respondent judge, being disqualified in the civil suit, is disqualified also for the trial of the criminal prosecution.
 

 After the rule to show cause was issued in this case, the relators filed a supplemental petition, requesting that the respondent judge be ordered to send up certain additional documents, and to erase or correct certain minute entries, or to show cause why he should not do so. We find it not necessary to act upou this supplemental petition.
 

 It is ordered that the rule issued herein be made absolute, and, accordingly, that the respondent judge either declare his recusation in this criminal prosecution and proceed according to the provisions of the Act 40 of 1880, or refer the relators’ motion for recusation to a district judge in an adjoining district for trial.