On Exception of No Cause of Action.
 

 OYERTON, ,T.
 

 Section 1 of article 9 of the Constitution provides that:
 

 “All state and district officers, whether elected or appointed, shall he liable to impeachment for high crimes and misdemeanors in .office, incompetency, corruption, favoritism, extortion, or oppression in office, or for gross misconduct, or habitual drunkenness.”
 

 Section 5 of the same article, which has •reference to judges, inferior to the judges of this court, provides that the causes for impeachment, stated in section 1, shall also be causes for the removal of judges of the courts of record, by judgment of this court, the suit to be instituted therein by the Attorney General or district attorney, either in the exercise of his discretion or when requested in writing to bring it by the Governor, or by 25 citizens and taxpayers, or by one-half of the practicing attorneys, residing within the district from which the judge is elected.
 

 Acting under a petition, signed by more than 25 citizens and taxpayers of the Twenty-Second judicial district, the Attorney General brought this suit, in this court, to remove J. Claude Meraux from the office of judge of that district. The defendant has appeared and excepted to the petition for removal on the ground that it discloses no right or cause of action. It is this exception that is now before us for decision.
 

 The grounds for removing defendant are set out in the petition, beginning with the third article thereof. In this article it is alleged that the St. Bernard Trappers’ Association, Inc., filed suit, through its attorney, Leander .H. Perez, against M. C. Baker, Miguel Torres, and Harvey E. Roberts; that citations, •temporary restraining orders, and rules to show cause why a preliminary injunction should' not be granted were issued and served on. Torres and. Roberts, but that no copy of the petition-was served on them; that, on the day fixed for the hearing of the rule to show cause, and prior to the hour therefor, all parties to the suit, their attorneys and the defendant herein were present in court, but that defendant delayed the opening of court until copies of the petition and new citations had been made out and served on Torres and Roberts, and then opened court and at once called the case for trial; that the defendants in said suit, through their counsel, urged upon the defendant herein, when he called the case for trial, that the interval was so short between the service of the petition and the calling of the case that.they scarcely had time to read the petition, and had had no time to consult with their counsel or to prepare for defense; that nevertheless defendant herein, out of favoritism for Leander H. Perez, who was of counsel for the plaintiff in said suit, forced them to trial; that, by thus forcing them to trial, defendant was not only guilty of favoritism in office, but of gross misconduct and oppression therein; that, when the trial of the rule to show cause was concluded, the court took the case under advisement; that on January 9, 1926, defendants therein through their counsel received a copy of a judgment, rendered on the rule, purporting to have been signed and handed down, in open court, three days prior to the receipt of said copy; that the judgment neither kept alive the temporary restraining order issued, nor fixed a bond for the temporary injunction which it ordered to issue; that on the 19th or 20th of January, 1926, all three of the defendants in said suit were served with rules to show cause why they should not be punished for contempt; and that the rule for contempt was made returnable on January 27th, but that the trial thereof was postponed to January 28th. The article then sets out, to quote from it: ,
 

 “That said judge (the defendant herein) abstracted from the records of the clerk’s • office the judgment actually signed by him, and, on
 
 *247
 
 the evening of January 27th, or the morning of January 28th, said judge altered said judgment and inserted above his signature an order granting a preliminary injunction, conditioned upon plaintiff in said case furnishing bond in the sum of one thousand ($1,000) dollars, which said bond was not actually furnished, until the morning of January 28th, shortly before the trial of said defendants for contempt, the surety on said bond being Leon Meraux, a near kinsman to said judge.
 

 “That under the direction of said judge, the docket entries have been altered for the purpose of making it appear that the bond had actually been filed before the issuance of the rule for contempt.”
 

 The article then sets forth that, upon the trial of this rule, Roberts and Baker were adjudged guilty of contempt and fined 5 that their punishment, under the facts, recited above, constitutes oppression in office, and was for no other purpose than to further, through favoritism, the interests of said Leander H. Perez. The article also sets forth that an expert was employed to examine the record and docket entries in the injunction suit, and that the expert desired to photograph these entries, but, under orders given by defendant, was not permitted to do so.
 

 In the fifth article of the petition it is alleged that a mandamus suit was Drought in the court, presided over by defendant, by 120 members of the Trappers’ Association of St. Bernard parish against the association, Leon Meraux, Leander H. Perez, and Bennie Harris, to require the production of certain books and papers; that, upon motion of plaintiffs requesting the judge to recuse himself on the grounds of relationship and interest, defendant entered an order of recusation, and appointed one of the judges of the civil district court for the parish of Orleans to try the case, -thus admitting his interest therein; that, because Leander H. Perez, district attorney for said district, did not fancy some of the allegations made in the petition for mandamus, he resolved-to prosecute for libel the attorney who instituted the suit and all of the plaintiffs therein; that two prosecutions for libel were begun, one against Oliver S. Livaudais and Manuel Molero, and the other against Richard W. Gullardo, Jr., and all the remaining plaintiffs in the mandamus suit; that Leander I-I. Perez had to recuse himself as district attorney, and, upon his recusation, defendant appointed as district attorney, to conduct said prosecutions, Ered Ahrens, Esq., who, as defendant knew, was a party in interest and. closely identified with Perez; that, when. Aherns was appointed to act as district attorney in these cases, and when the warrants were issued for the arrest of those accused of the libel, he, with the full knowledge and approval of defendant, wrote directions across the warrants that they were to be executed at once; that defendant, with the intention of humiliating those charged with the libel and of forcing them to spend the night in jail, though they were fully able to give bond, did not fix their bonds, and immediately left the parish and disappeared, so as to render himself unavailable for the fixing of bonds in said cases; that Livaudais and Molero, alleging these facts, obtained from this court writs prohibiting defendant and the sheriff from incarcerating the accused that night, and ordering defendant either to fix the bonds or to show cause why he should not be required to do so; that, when the order of' this court was served on defendant, he repaired to the courthouse and fixed the bonds, expressing regret at not having done so when, he issued the warrants; that he further directed Livaudais to make return to this court that he had complied with its order, and that no further proceedings were necessary. The article, to quote from it, then sets, forth the following:
 

 “And your petitioner further shows that said J. Claude Meraux, judge, did falsely make-to this honorable court a return that he had really granted said bail order at the time said warrants were issued, and .falsely caused the minutes of his court to be altered so as to make it falsely appear that he had really grant-'
 
 *249
 
 ed said bail order at the time of tie issuance of the warrants of arrest.”
 

 In article five of the 'petition it is alleged that, on May 17, 1926, counsel for defendants, in the prosecutions for libel, went to the courthouse and had an interview with defendant, at which defendant said he would rescind the order appointing Aherns district attorney, and that, while he would not recuse ■himself as judge in those prosecutions,, he would refer the question of recusation to some judge of the criminal district court for the parish of Orleans; that, upon the suggestion of defendant, and in his presence, Livaudais prepared an order in each of the prosecutions rescinding the order appointing Aherns district attorney and referring the matter of the recusation of defendant to another judge; that the order was submitted to defendant and approved by him; that he stated he would then and there sign the same, but thought that it would be more regular to grant the motion in open court; that all of the parties repaired to the courtroom; that the judge called for motions; that Ahems arose and admitted interest in the prosecutions ; that the application to revoke the appointment of Aherns was granted; that counsel for defendants then moved that .the application to recuse defendant be granted; that the judge then announced from the bench that he would refer the motion for the recusation of himself to some other judge for trial and would announce the name of the judge when he selected him; that, notwithstanding the granting of the motion to recuse himself, defendant thereafter, on May 19, 1926. caused a minute entry to be made, overruling the motion for his recusation, and caused Livaudais to be notified to appear for arraignment. The article then sets forth the following:
 

 “And petitioner further shows that J. Claude Meraux, judge, caused the minutes of his court for Monday, May 17th, to be falsely written up and to omit the proceedings which actually took place before him in open court, and that, in pursuance of said false minutes, he further caused to be inserted in the minutes .of his court, a judgment which he was powerless to render (referring to his right to pass upon the motion for his own recusation), all of which said doings herein, in this article' described, constitute the commission of high crimes and misdemeanors in office, and were done in order to show favoritism to said Leander H. Perez.”
 

 In the sixth article of the petition it is alleged that Leander' H. Perez brought suit for A. E. Johansen against E. B. Marshall and others; that, though the suit on its face lacked merit, the defendant herein issued an order on a bond of $250, restraining defendants from selling their own property for $30,-000; that the sale thereof, unless consummated within a designated time, which was short, would fail, to the great loss and damage of the defendants in the case; that the restraining order was issued August 8, 1925, and the rule nisi made returnable August 14, 1925, at 10 o’clock a. m.; that, at the hour appointed, the defendants' in the ease, with their attorneys and witnesses, were in court; that neither defendant nor said Perez appeared, but at 11 o’clock Neil Armstrong, who had been appointed curator ad hoc to the defendant Marshall, who was an absentee, appeared and announced that, on the ex parte application of Perez, defendant had continued the rule nisi to August 24,1925; that the continuance was granted by reason of favoritism to Perra and was violative of section 2 of Act 29 of 1924, in that it continued the restraining order, issued in the case, eight days over the time limit fixed by the act; that the defendants in the case, alleging that they would suffer irreparable injury unless the bond should be increased, applied 'to defendant to increase it; that defendant refused to increase the bond; that defendants then applied to this court to remedy the wrong done them; that this court rendered an order, directing defendant to increase said bond to $25,000, or show cause to the contrary, that defendant
 
 *251
 
 obeyed the order to thus fix it without attempt to answer or justify what he had done.
 

 In the seventh article of the petition, it is alleged that on February 6, 1926, Mrs. Marie Guate, wife of Henry Steele, through her attorney John C. O’Connor, filed a petition opening the succession of her father, John Guate, and praying to be appointed administratrix thereof; that on February S, 1926, Mrs. Steele’s sister, ignoring the fact that said succession had been opened, again opened it, and obtained an order of court for publication of her application to be appointed administratrix thereof; that the elerk of court thereupon, acting under instructions from defendant, returned to O’Connor the papers, 'filed by him, ■ on behalf.of his client, Mrs. Steele; that Mrs. Steele then proceeded by rule to set aside said illegal action on the part of defendant and to have her application reinstated and published; that defendant, after a long delay, arbitrarily and wrongfully denied the application, and, thorough favoritism to Perez, was proceeding to maintain the application of Perez’s client, when prevented from doing so by writs issued out of this court.
 

 In a supplemental petition, the Attorney General alleges that the following acts of defendant constitute a usurpation of the pardoning power, and are misdemeanors in office, and show ineompetency and gross misconduct therein, of such a nature as to require defendant’s removal, to wit:
 

 That one Walter Lewis was convicted by defendant for a misdemeanor and sentenced to 30 days in jail, and that, after he had served only 8 days of his sentence, he was released upon the order of defendant; that on March 29, 1926, one Gabriel Estopinal was convicted of carrying concealed weapons, and was sentenced to 6 months in jail, and, after having served only 6 days of his sentence, was released from custody on the order of defendant ; that on March 29,1926, one Gracias was convicted of a misdemeanor and. sentenced to 30 days in jail, and, after having served only 6 days of his sentence, was also released on defendant’s order; and that one Joseph Metz, on June' 22, 1926, pleaded guilty to petty larceny, and was sentenced by defendant to 6 months in jail; that, when court adjourned, defendant instructed the jailer, to have Metz do work around the courthouse, and that, after he had served 5 or 6 days, to release him from custody; that the jailer requested defendant to give these orders to the sheriff; that defendant replied that it was sufficient that he should give them to him; that the jailer reported the matter to the chief deputy sheriff, who instructed him not to release Metz without a written order from defendant; that Metz remained in jail from June 22, to June 29, 1926, when defendant, with full knowledge that Metz was not ill, and, with the unlawful purpose of releasing him from imprisonment, forwarded a written order addressed to the sheriff, or his deputy, to place Metz in the custody of his attorney, to be taken to New Orleans, and, on the same day, upon motion of Metz’s attorney, granted another order, to the same effect, to operate until otherwise directed, on the alleged ground that Metz was ill and could not be properly cared for in the local jail.
 

 Opinion.
 

 A district judge not only has the right, but it is his duty, to order the correction of the minutes of his court so as to make them reflect the truth. This he may do at any time, even after appeal, though, if done in chambers, instead of in open court, in the regular course of business, and the correction affects the rights of parties, it may be made only after notice to them. State v. Chatman, 34 La. Ann. 881; State v. Howard, 34 La. Aun. 369; Picard v. Prival, 35 La. Ann. 370; State v. Hart, 133 La. 5, 62 So. 161. But this is far from saying that a judge has the right to cause the correction of his minutes so as to reflect a state of facts, which he knows does not exist, or to cause them to be so written
 
 *253
 
 as not to reflect the truth, for the purpose of suppressing it. If he does so, he is guilty of such misconduct in office as to constitute, to, say the least, malfeasance therein, which is included, as said in Coco, Atty. Gen., v. Jones, 154 La. 124, 97 So. 337, in the term “high crimes and misdemeanors in office,” stated as a ground for impeachment or removal from office in sections 1 and 5 of article 9 of the Constitution. Likewise, if a judge, with knowledge of the fact that a warrant has issued for the arrest of another, and that directions have been given for its immediate execution, fixes no bond, and disappears from the parish, with the intention of forcing the person to be arrested to spend the night in jail, he is guilty of such nonfeasance and malfeasance in office, if not also of oppression therein; as to constitute a misdemeanor in office. And if, when this court is called upon to grant relief, at the instance of the person to be arrested, a judge m'akes what he knows to be a false return to this court, he is guilty of a high crime in office, or at least of a misdemeanor therein, within the meaning of the sections, of the Constitution cited. Hence, when the Attorney General, in article IV of the petition, relative to the prosecutions for libel, alleges that, “upon the issuance of warrants for the arrest of the accused, said Aherns, with the full knowledge and approval of said judge, wrote the direction across the same that they were to be executed instanter,” and that “said judge, with the intention of humiliating said accused and forcing them to spend the night in jail, though they were abundantly able to give bond, fixed no bail in said order, and forthwith left the parish and disappeared to prevent his being available for the purpose of fixing bond,” and that “said J. Claude Meraux, judge, did falsely make to this honorable court a return that he had really granted said bail order at the time said warrant was issued, and falsely caused the minutes of said court to be altered so as to make it falsely appear that he had. really granted said bail order at the time of the issuance of the warrants of arrest,” he shows a cause of action against defendant for removal from office. •
 

 We are also of the opinion that the Attorney General shows a cause of action, when in article III of the petition, he alleges in effect, that, preparatory to trying the rule against Roberts, Baker, and Torres for contempt of court, defendant abstracted from the records of the clerk’s office, the judgment actually signed by him in the suit praying for an injunction, and altered the judgment by inserting an order above his signature granting the injunction upon the furnishing of bond in the sum of $1,009, and in causing the docket entries to be altered so as to make it appear that bond for the injunction had actually been filed before the issuance of the rule. These allegations are of a nature similar to those, relative to the falsifying of the minutes of court, and show, if true, malfeasance in office, which, as we have said, is included in the term “high crimes and misdemeanors in office.” Moreover, these allegations disclose an intention to oppress Roberts and Baker.
 

 We are also of the opinion that the allegations of the petition with reference to the releasing of prisoners from custody after they had served only a small part of their sentences are likewise of a nature sufficiently serious to call for the overruling of the exception of no cause of action, especially when viewed in connection with the remaining allegations of the petition, which purport to show defendant’s course of conduct. In this connection it may be said that a district judge has the right to suspend sentences in certain instances, in the manner prescribed by law, and in misdemeanor cases, upon the application of the prisoner, even after sentence has been pronounced. Act 74 of 1914; State v. Serio, 138 La. 678, 70 So. 609. He has no. right, however, to order prisoners discharged from jail, while they are serving sentence, at
 
 *255
 
 least, where sentence has not been suspended, and, if he does so, he exercises power which •clearly does not belong to him. The fact that
 
 the
 
 sheriff or jailer ought
 
 not to
 
 obey the order, because of its nullity, does not excuse him.
 

 As relates to the alleged release of Metz, if he was ill and could not be properly cared for in the local jail, defendant acted within the law, and discharged his duty, if he placed him in the custody of another to be taken to New Orleans for treatment, but if, upon the other hand, as alleged in the petition, defendant ordered him placed in the hands of another, with the full knowledge that he was not ill and with the unlawful purpose of releasing him from imprisonment, then his act was clearly contrary to law, and was such as to render him subject to removal from office. Since, for the purpose of disposing of the exception of no cause of action, we must accept as true all allegations of fact in the petition that are well pleaded, we must consider that he acted with the knowledge and purpose alleged.
 

 While it may be doubted that the remaining articles of the petition, which consist of three, if standing alone, would show grounds sufficient to call for the removal of defendant, yet, since the petition, as a whole, show's a cause of action, and since the facts, properly pleaded in these articles, have some tendency to support'the cause of action alleged, we think that they should not be ordered stricken from the petition. In so ruling we do not, in our view, come in conflict with the ruling in Succession of Curtis, 156 La. 243,100 So. 412. In that case the demand against which the exception of no cause of action was sustained was wholly independent of the remaining demand, contained in- the petition, and no injury could possibly have resulted, by striking it therefrom.
 

 Before closing it may be said that phases of some of the matters alleged in the petition herein have been before this court, but nothing was decided in them that could be of assistance in deciding this exception.
 

 The matters referred to arose in the following cases: State v. Livaudais, 161 La. 882, 109 So. 536, State v. Livaudais, 161 La. 625, 109 So. 145, and Succession of Guate, 161 La. 981, 109 So. 784. The first case cited involved only the right of defendant to overrule the motion to recuse him in one of the libel cases. In the second case, the very minutes of court, recited in the opinion, are alleged in this case, to have been falsely made, at the instance of defendant, which alleged act. constitutes one of the grounds, alleged herein, for removal. The case, moreover, did not turn upon the verity of the minutes. In the Succession of Guate, the appointment of the administratrix therein by defendant is alleged in this case to have been made because of favoritism. This court, in that case, it may be observed, declined to interfere, under its supervisory jurisdiction, with the. discretion vested in district courts in the appointment of administrators.
 

 Eor these reasons, the exception of no cause or right of action is overruled.