PONDER, Justice.
 

 In this suit Leander H. Perez, District Attorney for the Twenty-Fifth Judicial District of Louisiana, for the Parishes of St. Bernard and Plaquemines, seeks to impeach and remove Judge J. Claude Meraux, Judge of the Twenty-Fifth Judicial Court of Louisiana for the parishes of St. Bernard and Plaquemines, from office under the provisions of Sections 1 and 5, Article 9 of the Constitution of this State.
 

 It is alleged that the District Attorney has been petitioned by 131 citizens and taxpayers of the Parish of Plaquemines, and hundreds of citizens and taxpayers of the Parish of St. Bernard, to institute suit for the removal of Judge J: Claude Meraux from office, and that in pursuance of the duty imposed upon him by law, the District Attorney institutes this suit. It is alleged that the defendant, J. Claude Meraux, is liable for impeachment and removal from office, as Judge of the Twenty-Fifth Judicial District, for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, oppression and gross misconduct in office.
 

 The petition sets forth various acts of the defendant which are relied on to constitute the grounds for removal. Counsel for the defendant has filed a motion seeking to have certain paragraphs of the petition stricken from the record. In a very recent case, State ex rel. Sutton v. Caldwell, Mayor, La.Sup., 197 So. 214, rendered on May 27, 1940, we stated:
 

 “There is no provision in the Pleading and Practice Act, or in the Code of Practice, for such a pleading as' a motion to strike out; and our opinion is that the Code of Practice and the Pleading and Practice Act contain everything that is necessary or useful in the regulation of pleading and practice in this State.”
 

 Counsel for the defendant interposes exceptions of no cause and no right of action.
 

 In article 5 of the petition it is alleged that the defendant purchased certain goods and merchandise at the L. F. Fontenelle store and bar at Pointe-a-la-Hache, Plaque-mines Parish, La., which he received and appropriated to his personal use, that were paid for by the Parish of Plaquemines in the following manner, to wit: the defendant fraudulently had the store make out bills to the Police Jury of the Parish for the account of grand and petit juries, which were approved for payment by the defendant in his official capacity, and when the payments were made by the Parish, the defendant had same credited to his personal account. The petition lists the various checks issued' by the Parish and the various items of the defendant’s account. It is alleged that as a matter of fact that no jury, or grand jury was called or impanelled during the time the checks were issued. It is alleged that on four occasions juries were called at which times their meals were served by Mrs. Elliott Hingle, who submitted bills for same which were approved for payment by the defendant.
 

 
 *992
 
 Counsel for the defendant contends that the bills were approved by the judge merely pro forma and that they were signed at a time previous to the actual holding of a jury. Counsel also urges that the defendant had a right to believe at the time that the police jury had ordered the payment of the bills under the legal advice of the District Attorney. Counsel complains that it was the duty of the District Attorney to warn the defendant of the illegality of the bills which he had failed to do. We see no merit in these contentions. They may be urged as a defense but cannot support an exception of no cause or right of action.
 

 In article 6 of plaintiff’s petition it is alleged that the defendant and his brother-in-law came into the sheriff’s office with a negro named Clarence Cargo, whom it was claimed had raised a check from $4 to $14 and had cashed it at the store of the defendant’s brother-in-law during his absence. It is alleged that the defendant unmercifully beat the negro, slapped him in the face, and kicked him on the shins, thereby extorting and securing a confession from him. It is alleged that the Assistant District Attorney, at the request of the defendant, filed a bill of information against the negro. The defendant opened court and upon arraignment the negro pleaded guilty. It is alleged the defendant told the Assistant District Attorney that he wanted to give the accused twenty years in the penitentiary and upon being informed by the Assistant District Attorney that the maximum sentence was two years at hard labor the defendant sentenced the accused to serve not less than nine months or more than two years in the penitentiary. It is alleged that the minimum sentence of nine months violates article 529 of the Code of Criminal Procedure as amended.
 

 Counsel for defendant contends that this charge does not set forth an offense justifying removal from office and that the act, even if true, was not alleged to have been done in office or as an official act, citing Coco v. Jones, 154 La. 124, 97 So. 337.
 

 Counsel does not point out in what respect the cited authority is applicable. After examining the cited authority we do not find that it supports counsel’s contention.
 

 It appears from the allegations in the petition that the judge was acting in his official capacity. The exception to this article is without merit. Under the provisions of Section 11, Article I, of the Constitution of Louisiana, it is provided that no person under arrest shall be subjected to any treatment designed for effect on body or mind to compel confession of crime. Viewed with the remaining allegations of the petition, which purport to show the course of defendant’s conduct, the imposing of an illegal sentence is of a nature sufficiently serious to call for the overruling of the exception with reference to this allegation. ■
 

 It is alleged in articles 8 and 9 of plaintiff’s petition that the defendant released two prisoners after they had been sentenced on parol. The allegations are likewise of a nature sufficiently serious to call for the overruling of the exception in respect to these allegations. Saint v. Meraux, 163 La. 242, 111 So. 691.
 

 
 *994
 
 It is alleged in articles 9 to 24 that the defendant suspended the sentences of va'rious persons after they had been sentenced on misdemeanor charges, without any request having been made by the convicted ¿parties and without taking any evidence as to whether they had been previously convicted of a misdemeanor or felony.
 

 In support of the exception in respect to these articles, counsel contends that the defendant herein had the right and power to suspend such sentences if his knowledge of the facts justified it, citing article 536, Code of Criminal Procedure, the pertinent part of which reads:
 

 “*< *
 
 * the judge may suspend sentence if he shall find that the defendant has never before been convicted of any felony or misdemeanor.”
 

 In State v. Garland, 140 La. 401, 73 So. 246, this court in interpreting Section 7 of Act 74 of 1914, held that the court is allowed to suspend sentence only after testimony has been heard. The Act interpreted in this decision contained the same provision that is now contained in article 536 of the Code of Criminal Procedure. The article of the Code of Criminal Procedure, contains an additional provision to the effect that the testimony as to whether the defendant has been convicted of a misdemeanor or felony shall be submitted only upon the request of the defendant. The allegation in these articles of the petition are of a sufficiently serious nature to call for the overruling of the exception. Saint v. Meraux, supra.
 

 It is alleged in articles 25 and 26 of the petition that the defendant deferred sen-fences and paroled prisoners in eight different cases after they had been convicted of felonies and misdemeanors, during the years 1934 to 1936 inclusive, and that they have not been sentenced to this date. These allegations are likewise of a sufficient nature to call for an overruling of the exception. Saint v. Meraux, supra.
 

 In article 29 of the petition it is alleged, that, a collection was made, at the direction of the defendant, from gambling houses in his judicial district to buy the defendant a Lincoln-Zephyr automobile and that the money so collected was used to purchase the automobile. Shortly thereafter the defendant exchanged it for a Ford automobile and received the difference. Counsel for the defendant contends that the petition does not state, the names of the gambling houses, or any specific amounts collected from them, nor that the defendant acted -fraudulently in any manner. It is true the allegation is very general but it would appear that an exception of vagueness would be more appropriate. However, in considering a petition of this nature, where many acts are set out to show a course of conduct, one act may not be a sufficient ground to call for the removal, yet since the petition as a whole sets out a cause of action, and the facts pleaded in this allegation have a tendency to support it, we do not feel warranted in sustaining the exception.
 

 It is alleged in article 30 of the petition that the defendant purposely concealed and absented himself in various listed cases, so that it was impossible for litigants in several election cases to locate him in or
 
 *996
 
 der to try the cases summarily, and that it became necessary to secure the appointment of judges ad hoc by this court to try the cases. We would not feel warranted in sustaining this exception for the sanie reasons set out in our discussion of the previous article of the petition.
 

 In article 32 of plaintiff’s petition, it is alleged that the defendant, unlawfully and in collusion with the principals and attorneys in several hundred divorce cases filed in his court, rendered hundreds of illegal divorce judgments where neither the plaintiff nor the defendant therein were residents of the parish and wherein he had no jurisdiction of the parties or the subject matter. It is alleged that the defendant permitted, with his knowledge and collusion, an illegal and corrupt divorce mill to such extent that the divorce cases constituted over 38% of his civil docket over a period of six years. It is alleged1 that fin some cases of divorce and annulment of marriages that the defendant in collusion with the parties thereto rendered judgment within as short a time as two days, and in many cases he rendered annulment within from four to eight days. It is alleged that service was accepted in some cases before the suits were filed; in others, service was accepted and delays waived by a curator ad hoc; in others, adultery was admitted; in others, answers were sworn to as long as twenty months prior to the suit; and in others, affidavits to the answer were sworn to by the defendant before the plaintiff’s attorney. The petition lists one hundred divorce suits setting forth the title, the grounds alleged, etc.
 

 In this article there is listed one hundred cases and all the details showing the various irregularities. No purpose could be gained by reciting in detail all of the facts alleged in these cases in passing on the exception. It is sufficient to say that the allegations are of such a serious nature that we would not feel warranted in sustaining the exception. It might be that a single act of this nature would not be a sufficient ground for removal, but many acts of irregularity and illegality might show a cause of conduct of such a grave nature as to justify removal. One wrongful act might be considered an error in judgment, but a continuity of wrongful acts could not be so considered. Moreover, the articles • in the petition could not be singled out and treated separately and apart from the remaining articles in considering the exception. It is not necessary that each article set forth a cause of action or ground for removal. It is sufficient that the petition as a whole set forth a cause of action. The articles of the petition must be considered as a whole. If an article in the petition has a tendency to support other articles of the petition that allege a cause of action the exception, could not avail. After a careful examination of the petition as a whole we have arrived at the conclusion that it sets forth a cause of action.
 

 ' For the reasons assigned, the motion is denied and the exceptions are overruled.