Plaintiff's automobile collided with a trailer drawn by a truck of defendant, Leonard Truck Lines, Inc., hereinafter referred to as the defendant, on St. Vincent Avenue in the City of Shreveport, Louisiana, in the day time, and he sues to recover the amount expended to repair the damage done the car and for physical injuries sustained by him consequent to the accident. Defendant's insurer, Commercial Standard Insurance Company, is also impleaded.
Both vehicles were traveling south at moderate rates of speed. Plaintiff's car was following the truck and had done so for nearly one-half mile. The truck slowed down and was pulled to its right side preparatory to making a left turn into the premises of Allen Manufacturing Company's plant on the east side of the street. Plaintiff, because of the truck's movements, assumed that the operator had heard his signal (sound of horn) to pass and was yielding the road to him. He proceeded forward on the left side of the street, but before passing the truck it began to turn *Page 755 
across the street in front of him. He applied the brakes forcefully which caused his car to slide into the trailer's rear end. The truck with attached trailer was 32 feet long. Evidently, when the truck had straightened out easterly the street was blocked for its entire width of 18 feet.
The truck's operator is charged with the following specific acts of negligence proximately causing the accident, to-wit:
1. Making left turn without signaling the intention to do so;
2. Failing to keep proper lookout for persons using the highway;
3. Pulling his truck to the right side of the street, apparently inviting petitioner to pass, and then suddenly driving it across the street.
Defendant denies that its operator was negligent in any way or manner in connection with the accident; but avers that plaintiff was negligent in that he abandoned his side of the road at a time when open to him and ran his car into the truck; that he was not operating his car in a careful manner. In the alternative, plaintiff's negligence is urged as a bar to recovery, and that he had the last clear chance to avert the collision.
Judgment for $153.20 was awarded plaintiff and defendant and the insurer appealed. Answering the appeal, plaintiff asked increase in the judgment to $500, the sum for which sued.
The truck driver testified that when some 200 feet from his destination, through his rear view mirror, he saw plaintiff's car about that distance behind him; that he then began gradually to reduce the truck's speed and, when opposite the point at which he desired to turn, the speed was not in excess of five miles per hour and that the truck and trailer had been pulled as far to the right as possible and still remain on the pavement. He further testified that immediately prior to turning, he extended his left hand from the cab's left side, indicative of his purpose to drive across the road, but used both hands in making the turn. Plaintiff says he did not see the signal, while on the other hand the truck driver denies that he heard plaintiff's signal of his desire to pass.
As the truck and trailer were on the extreme west side of the pavement when the turn across the street was begun, a distance of not over 12 feet, it required but a brief time for them to encroach upon the left one-half of the street and at the same time occupy all or nearly all of the right one-half.
Plaintiff interpreted the truck's action prior to turning as any reasonable person would have done. He did not see the extended arm of the driver and assumed that his own presence was known and that opportunity was being given him to pass. When he realized that the truck was attempting to cross the highway, he naturally applied his brakes and pulled his car as far as possible to his side of the road. He says that when the truck's driver realized the perilous situation he had created, he immediately accelerated the truck's speed but too late to avert the collision.
It was the truck operator's positive duty, since he knew that plaintiff was not far to his rear, to not have undertaken driving across the road until he informed himself of plaintiff's position; that is, whether he intended, from his action, to stay behind him or would attempt to pass on the left side. He should have realized that his own movements were calculated to create in the minds of motorists to his rear the impression that he intended to stop and, in fact, under the circumstances, he should have stopped and remained so until he knew that traffic conditions above and below him warranted making the left turn. He offers as one reason for crossing the road when he did that he had the right-of-way. Such a right, if conceded, was relative, not absolute. Because a person has the right-of-way on a road or street does not vest him with the privilege of going forward regardless of traffic conditions. A motorist's duty to be careful never ceases. Surely he should not attempt to cross a much traveled highway until and unless he positively knows it is safe to do so.
It is our opinion that the truck operator's negligence in the respects hereinabove mentioned was the sole cause of the accident.
Cases of like or similar facts as those present have been adjudicated by this and the other appellate courts of the state. It has been uniformly held therein that liability for accident attaches to the forward vehicle's operator. Lewis v. Gulf Refining Company of Louisiana, 7 La.App. 499; Newton et al. v. Independent Exploration Company et al., La.App., 171 So. 875; Duke v. Adkins, La.App., 2 So.2d 526, 528. *Page 756 
We said in this last case:
"The driver of a vehicle on a public highway before turning from a direct line must first see that such movement can be made in safety. Rule 10, Section 3, of Act No. 286 of 1938. A left turn is one of the most hazardous movements that can be performed by a motor vehicle and it should not be undertaken except under favorable conditions. Monroe Hardware Company v. Monroe Transfer Warehouse Company, Inc., et al., La.App., 167 So. 498; Vernon v. Gillham et al., La.App., 179 So. 476; Fields v. Owens, La.App., 186 So. 849. With the overtaking defendant car in close proximity to the Chevrolet, as above shown, certainly favorable conditions for the maneuver attempted by plaintiff did not exist; and the latter, in view of his appreciation of defendant's speed and nearness, is chargeable with the realization that a turning to the left was unsafe."
Plaintiff originally alleged that both vehicles were going north. After joinder of issue he tendered an amendment wherein he alleged, as is true, that the vehicles were going south. Over objection of defendant's counsel, the amendment was allowed. Defendant moved to strike out the amendment and filed a plea of estoppel predicated upon the proposition that a litigant is irrevocably bound by his judicial admissions. Both pleas were properly overruled. Testimony under the pleadings as amended was objected to, but admitted.
Motions to strike are now banned in this court. State ex rel. Sutton et al. v. Caldwell, Mayor, et al., 195 La. 507,197 So. 214; Perez, District Attorney, v. Meraux, Judge, 195 La. 987,197 So. 683.
Amendment of a petition, even after issue is joined, is permissible if thereby the substance of the demand is not altered. Code of Practice, Article 419. The amendment in this case in no wise altered the substance of the original demand. The demand is for damages resulting from the alleged negligence of defendant's driver. The amendment was designed to correct an erroneous allegation of fact, which, if not corrected, would have militated against admissibility of evidence to prove the true facts.
In judicial proceedings amendments are favored. The tendency now is to pursue a liberal rather than a strict attitude toward them. To do so prevents a multiplicity of suits, abhorred by courts. It is also true that allowance or refusal of amendments lies largely within the sound legal discretion of the court and its action thereon will not be disturbed unless manifest injustice will likely result.
Since the amendment to the petition was properly allowed, the plea of estoppel perforce must fall. It has no basis upon which to stand. In addition to this, a pleader is not estopped by judicial allegations which have neither deceived nor damaged anyone. Sanderson v. Frost, 198 La. 295, 3 So.2d 626.
Plaintiff is a member of the police force of the City of Shreveport. He sustained no bone break, no fracture, nor was he forced to bed. He was unable to discharge his duties for several days. His back was bruised to some extent, described by him as a "kink", which he says kept him "down" for awhile. He consulted a physician several times and X-ray pictures of his back were made. The doctor says that injuries of the character sustained by plaintiff usually clear up in ten days, but could be productive of pain and discomfort. Plaintiff testified that he experienced considerable pain. Evidently the sudden stop of his car jarred and shocked him considerably. The lower court, as best we can determine, allowed only $25.00 for physical injury, pain and discomfort. This is manifestly inadequate, and will be increased by $150.00.
Since completion of the opinion in this case, we have read the February issue of the Tulane Law Review, which contains under "Notes" a rather comprehensive discussion of the legal principles involved herein. The discussion was provoked by the decision of the First Circuit in the De La Vergne v. Employers Liability Assurance Corporation, Ltd., La.App., 4 So.2d 66. The facts of that case are, to considerable extent, similar to those in the present case. By a divided court, the plaintiff, operator of the following car, was allowed recovery.
For the reasons herein assigned, the judgment appealed from is amended by increasing the amount thereof to Three Hundred Three and 20/100 ($303.20) Dollars, and as amended, it is affirmed with costs. *Page 757