**13 So.2d 470**

**STATE ex rel. RIDDLE, District Attorney Pro Tem., v. JEANSONNE, Sheriff.**

**No. 37019.**

**April 12, 1943.**

C. A. Riddle, Sr., of Marksville, and Wallace & Martin and K. K. Kennedy, all of Baton Rouge, for relator.

Coco & Coco and C. E. Laborde, Jr., all of Marksville, for respondents. .

HIGGINS, Justice.

The district attorney pro tempore, appointed by our learned brother below in the place of the district attorney who voluntarily recused himself instituted a removal suit on the petition of sixty-seven residents and taxpayers against the sheriff and ex-officio tax collector of the Parish of Avoyelles for high crimes and misdemeanors in office, incompetency, corruption, favortism, extortion, oppression and gross. misconduct. Later, he filed a motion of recusation against the district judge on the following grounds:

(1) That the judge was present and encouraged the sheriff and his deputies in committing certain unlawful acts recited in the petition of removal and also publicly approved them;

(2) That the judge, after the removal suit had been filed, requested one of the signers of the petition of removal and the brother of another signer thereof to withdraw their names therefrom, and intimidated them by stating that the defendant sheriff would cause them trouble;

(3) That the judge granted ex parte orders to strike out material allegations in the removal petition, to furnish a bill of particulars to the defendant, to set forth the full Christian names and addresses of the 67 citizens and taxpayers who signed the petition demanding the sheriff's removal, and granted the defendant additional delays to answer until the information was furnished by the plaintiff; and

(4) That the judge boasted that he was not subject to recusation and if he were recused he would appoint a judge who would be more severe with the signers of the petition than he would be.

The district judge referred the motion of recusation to the judge of an adjoining district, who, after hearing, held that the plaintiff had failed to show that the district judge had any pecuniary interest in the case and the evidence was insufficient to justify his recusation, stating:

"Certainly it is presumed the judge will respect his oath and perform his duty and the evidence does not show he will do otherwise. However, the Court is not called upon to decide that point, or to pass upon whether or not Judge Bordelon in this case, will be partial or impartial, fair

or unfair, biased or unbiased, or whether he is a political friend of the defendant sheriff, or a political enemy of the relators. Such matters cannot be the basis for recusing a trial judge.

"* * * He no doubt does not sympathize with the cause of the relators and is a close personal and political friend of the sheriff, which may be true today and otherwise tomorrow, but that situation does not establish in him an interest in the case warranting recusation under the law."

The plaintiff applied to this Court for writs of certiorari, prohibition and mandamus, and prayed that the judge be recused and that under the provisions of Act 124 of 1940, or Section 12 of Article VII of the Constitution of Louisiana of 1921, we assign another judge to try the removal suit. We granted the writs and on the return day the original record was filed in this Court and the matter is now before us for review.

Previously, the district attorney pro tem had filed an application for a writ of certiorari and for an order to assign a judge from another district to try the case, but this Court denied his request on the ground that he should first apply to the district judge to recuse himself. See Record No. 36,895 of the Docket of this Court.

Due to the fact that Honorable Earl Edwards was a personal and political friend of the sheriff and was elected as the Democratic nominee to the office of district attorney of the 12th Judicial District in the Special Primary Election held on September 16, 1941, in which election the illegalities constituting eight of the twenty-eight grounds of removal were said to have been committed by the sheriff, the district attorney, of his own volition, recused himself and the district judge accepted his recusation and appointed Honorable C. A. Riddle, Sr., District Attorney pro tempore, to act in his place. The district attorney pro tempore then filed the removal suit based upon the petition of the citizens and taxpayers, which had been handed to the district attorney.

The pertinent part of Article 338 of the Code of Practice reads:

"The causes for which a judge or justice of the peace may be recused are:

"1. His being interested in the cause. * * *"

The language of this Article is identical with that of Article 303 of the Code of Criminal Procedure and it will be observed that the word "pecuniarily" is not used before the word "interested".

The question to be decided is whether or not the judge was "interested in the cause", within the meaning and contemplation of the above quoted provision of the Code of Practice.

There are a number of allegations in both the petitions of removal to the effect that the sheriff and his armed deputies, under his instructions, in violation of the provisions of the Primary Election Statute, Act 46 of 1940, commanded a number of voters to leave the precinct without casting their ballots, and entered the polls and intimidated and roughly handled the opposing election commissioner in the spe-

cial primary election held for district attorney on September 16, 1941, and that the judge was present and encouraged the sheriff and his deputies and voiced his approval of their actions by stating to the opposing commissioner, "You have been running it in the past and I will see that you do not run it in the way you want this time."

From the testimony of the witnesses, it appears that there were two difficulties at the polls, one in the morning and the other in the afternoon. Judge Bordelon admits that he was present at the trouble which occurred in the morning and encouraged his personal and political friend and co-political leader, the sheriff, in the affair and made the above quoted statement, but denies that he was present at the alleged occurrence in the afternoon, although some of the plaintiff's witnesses stated that he was there on both occasions.

Judge Bordelon stated that he was not eager to try the suit because it would be an unpleasant matter, but on the other hand that he felt it was his duty not to recuse himself unless there were legal grounds justifying him in doing so.

As the judge is a party to what happened at the polls and some of the grounds of removal of the sheriff are based thereon, the judge certainly has an interest in maintaining the legality and regularity of the position he took in the difficulty. Therefore, he has an interest in the removal suit against the sheriff.

The judge also admits that he spoke to one of the citizens and taxpayers, who signed the petition which was filed with the district attorney to institute the removal proceedings, and while he denies that he had any intention of frightening or intimidating him, it is significant that this man now states that he thought that he was only signing an affidavit as to what occurred at the polls but not a petition to remove the sheriff, although the grounds of removal and the prayer therefor are set forth in typewriting in the plainest language.

The judge also admits that he spoke to the brother of another citizen and taxpayer who signed the petition of removal but again denies that he had any idea of intimidating or frightening him or his relative. This witness' testimony shows that he became "scared" and warned his brother and friend, after the judge told him that his friend the sheriff would make trouble for those who signed the petition against him, including his brother, Houston Coulon and his friend, "Benny" Gremillion. This certainly shows that the judge was "interested in the cause".

It is said that the plaintiff is not entitled to have the district judge recused because he could demand a trial by jury. The right of the plaintiff to ask for a trial by jury cannot be controlled by the defendant, who, likewise, has the right to request a trial by jury, if he so chooses. Furthermore, the trial judge has great discretion in granting a new trial in a case where the jury renders a verdict and the judge would have an interest in maintaining the legality and correctness of his own actions and statements at the polls. In deciding

whether or not a new trial should be granted, he necessarily would be greatly influenced by his previous position in the matter. The plaintiff as well as the defendant is entitled to have an impartial and disinterested judge try his case.

If the defendant's contention that the plaintiff could not recuse the district judge because the plaintiff could ask for a jury trial were carried to its logical conclusion, there never could be a recusation of the judge on statutory grounds, i. e., having been consulted as an attorney in a case, related to the parties litigant, and having a pecuniary interest therein, etc., because the plaintiffs there could likewise ask for a trial by jury.

■ Under the above recited facts and circumstances it is our view that the evidence sufficiently shows that the judge was subject to recusation under the above statutory provision. Hunter v. Blackman, Manning's Unrep.Cas. 427; State ex rel. Tyrrell v. Judge, 33 La.Ann. 1293; State ex rel. Martin v. Judge, 152 La. 768, 94 So. 389; State v. Doucet, 199 La. 276, 5 So.2d 894; and 15 R.C.L., 526–527.

■ The rulings of the district judge in striking out material allegations of the petition, ordering a bill of particulars and requiring the plaintiff to furnish the defendant with the full names and the addresses of the 67 citizens and taxpayers who signed the petition requesting the district attorney to institute removal proceedings against the sheriff without any hearing is irregular and illegal. State ex rel. Sutton et al. v. Caldwell, Mayor, et al., 195 La. 507, 197 So. 214; Perez v.

Meraux, 195 La. 987, 197 So. 683; and Thomas v. Leonard Truck Lines, Inc., et al., La.App., 7 So.2d 753.

■ Counsel for the respondent contends that only a defendant can ask for the recusation of the trial judge, citing Article 337 of the Code of Practice. This argument is without merit because Article 338 of the Code of Practice, which is the pertinent Article, does not limit its provisions in favor of a defendant only. It would be most extraordinary if the plaintiff were denied the same protection granted to the defendant by Article 338 of the Code of Practice. Both the plaintiff and the defendant are entitled to a judge who is not "interested in the cause" to try their case.

■ This Court has the authority under Act 124 of 1940 to appoint a judge to try this suit, and as it appears that the relator is entitled to this relief, his prayer in that respect will also be granted.

For the reasons assigned, it is ordered that the judgment of the district court overruling the motion of recusation is annulled and set aside;

It is now ordered that the motion of recusation is sustained and Honorable Lester L. Bordelon, Judge of the 12th Judicial District Court for the Parish of Avoyelles, State of Louisiana, is recused from trying this removal suit; and

It is further ordered that Honorable E. P. Mills, Judge of the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, be and he is hereby assigned to the district court of the 12th Judicial District, Parish of Avoyelles, State

of Louisiana, to try the removal suit against J. W. Jeansonne, Sheriff of Avoyelles Parish, No. 11,475 of the Docket of the said Court, and to sign all necessary orders, decrees and judgments therein, and to discharge any and all other duties and functions in connection therewith; and that this assignment shall not deprive Honorable E. P. Mills of his authority to exercise his functions and discharge his duties as judge of the First Judicial District Court in and for the Parish of Caddo, State of Louisiana.

HAMITER, J., dissents.

ODOM, J., absent.