REGAN, Judge.
This suit was instituted by the plaintiffs, Mrs. Flora Sutton Maumus, Victor M. Mau-mus, and Louis T. Maumus, against the defendant, Mrs. Mercedes Allnet Maumus, requesting the rendition of a declaratory judgment fixing the amount of the defendant’s obligation resulting from the execution of two mortgages for which the parties litigant herein are jointly liable.
The defendant answered in the form of a general denial with respect to the initial mortgage; then with reference to the suit involving the subsequent mortgage she asserted in defense thereof the existence of an agreement contained in the form of a motion and order, signed by the plaintiffs and the defendant, which fixed the respective liabilities of the foregoing litigants.
After a trial on the merits was consummated, judgment was rendered in favor of the plaintiffs, declaring that the defendant owed a monthly payment of $100.17 on one mortgage note and a monthly payment of $19.43 on the other.
The plaintiffs have prosecuted this appeal only from that part of the judgment declaring the defendant liable for the sum of $19.43 per month on the latter mortgage.
The record reveals that Dr. Louis F. Maumus and his brother, Eugene Maumus, inherited from their father an undivided two-thirds interest in various parcels of real estate located in the City of New Orleans. *221 They acquired the remaining one-third thereof by purchase from their sister’s heirs. This acquisition occurred during the existence of the communities of acquets and gains existing between them and their respective wives. The property was subsequently administered as a joint venture which was entitled “Estate of Victor Mau-mus”.
Dr. Louis Maumus died on December 18, 1960, and bequeathed his entire estate to his widow and two sons, who are the plaintiffs herein. His brother, Eugene, who was named testamentary executor, executed a mortgage on the succession property on March 14, 1961, binding himself both individually and as executor in the amount of $23,000.00. The purpose of this mortgage was to raise funds in order to liquidate succession expenses and to maintain the property. It was mutually agreed that the succession of Louis F. Maumus and Eugene Maumus were to share this indebtedness equally.
Eugene Maumus died on January 16, 1962, leaving all of his community property to his widow, together with the usufruct of his separate property. The naked ownership of his separate property was bequeathed to his two nephews, the sons of Louis F. Maumus, who, together with their mother, to reiterate, are the plaintiffs herein. On April 3, 1962, a second loan was secured, and a mortgage was executed on other jointly owned property in the amount of $19,100.00. Shortly thereafter, a motion was filed in the Succession of Eugene Mau-mus which recited that the nephews were responsible for $16,868.92 of the indebtedness so incurred and the defendant for $2,231.08. The monthly payments were divided, and the motion related that the plaintiffs were obligated to pay $146.93 and the defendant $19.43 per month.
The defendant subsequently refused to pay her share each month on the initial mortgage note, and this suit resulted. Plaintiffs also assert that the defendant’s share of the later mortgage note was erroneously computed and therefore insist that her monthly payments should be increased from $19.43 to $153.05.
The question of the propriety of the payment to be made by the defendant on the initial mortgage is not posed for our consideration, since no appeal was prosecuted from that part of the judgment. However, plaintiffs argue that the agreement fixing the liability of the parties on the subsequent mortgage is not binding since it was vitiated by an error which was the sole cause of the contract.
The plaintiffs contend that the agreement contained in the foregoing motion is invalid because the relative shares of the monthly payments allocated to each party were computed on the mistaken belief that the nephews of Eugene Maumus inherited more property than they actually did. Plaintiffs argue that the shares were computed on the assumption that all of the real' property subject to the mortgage was the separate property of Eugene Maumus, when in truth a part thereof was community property bequeathed to the defendant.
An examination of the record, however, reveals that this error was not alleged in the plaintiffs’ petition, nor was it presented' in any other pleadings. Moreover, the testimony relative to such an error adduced at the trial hereof was so scant and nebulous that it could not properly serve as the basis for a finding by us that an error in reality existed as to the cause of the contract. In addition thereto, assuming arguendo that such an error existed, the evidence was not sufficiently detailed for us to judge whether the error was one of fact or one of law.[1]
In short, suffice it to say that the record does not reveal the existence of sufficient evidence to substantiate the plaintiffs’ contention that the agreement was. rendered invalid through an error as to its= principal cause.
*222 It is well settled that a judgment rendered by a trial court is presumed to be correct and will be affirmed on appeal in the absence of a showing of manifest error therein, and since no valid error has been pointed out to us by the appellant which the record will support, we are compelled to reach the inevitable conclusion that the judgment fixing the defendant’s liability in the amount of $19.43 as her share of the monthly mortgage payment should be affirmed.
The costs incurred by the litigants in the lower court are hereby taxed against the defendant; all costs of this appeal are to be paid by the plaintiffs.
Affirmed.

. See LSA-Civil Code Art. 1846(4); Couret v. Couret, 203 La. 85, 18 So.2d 661.