## SLACK v. STANDARD CHEVROLET CORPORATION et al.

### No. 6082.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

A. S. Drew, of Minden, for appellants.

Hirsch & Eubank, of Springhill, and James E. Bolin, of Minden, for appellee.

TALIAFERRO, Judge.

Plaintiff and the Standard Chevrolet Company, Inc., of Minden, Louisiana, entered into an oral contract whereby the former agreed for $200 to grade and level a lot owned by the latter, in Springhill, Louisiana.

About the time plaintiff thought he had fulfilled his obligation under the contract, a dispute arose as to the elevation to which the lot should be reduced. The company's officials contended that a fulfillment of the contract required that the lot should be graded down to a level with the abutting street. Plaintiff was of the adverse understanding. However, in order to adjust the difference, the company's president proposed to pay plaintiff an additional $100 to have the lot's level reduced to that of the street, to which plaintiff assented. This supplemental agreement was reduced to writing. Plaintiff performed little or no work thereunder. He discovered there was more dirt to remove than he had estimated. He again interviewed the company's offiicals about completing the contract and there is quite a difference between his version of what was then said and that of these officers. The preponderance of the testimony is to the effect that plaintiff

declared he would proceed no further with the work because he would lose money by doing so, and because, also, he could profitably employ himself and equipment elsewhere. He abandoned the contract.

About this time the Standard Chevrolet Company, Inc., was absorbed by the Standard Chevrolet Corporation. This corporation had the unfinished work on the lot completed for $200.

Plaintiff instituted this suit against the Standard Chevrolet Corporation, C. O. Holland and J. Earl Long, who were secretary-treasurer and president respectively of the defunct corporation, to recover $300, the full amount stipulated in the supplemental contract. He predicates his demand upon the theory that defendants breached the contract by employing another person to complete the work he had agreed to do. Defendants deny liability to plaintiff for any amount and charge that he actively breached the contract. There was judgment for plaintiff for $100 and defendants appealed. Plaintiff here prays for increase in the award to $300.

While it is unnecessary to definitely so hold, we are inclined to the belief that originally plaintiff agreed to reduce the lot's level to that of the street. He found thta he had made a bad bargain. However, Mr. Long was magnanimous to the degree that he did not wish to see plaintiff lose money on the undertaking and this feeling prompted the execution of the supplemental contract. Plaintiff failed to live up to this agreement and in our opinion actively breached the same. When he did this, defendants had the unquestioned right to take over the work and complete it at the least expense. This was done for $200.

The law governing cases of this character is quite clear. Art. 2769 of the Civil Code is pertinent. It reads: "If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."

Had plaintiff been paid the consideration of the contract, the damages sustained by defendants would have been the cost of completing the work, but since nothing was paid to plaintiff, defendants are able to protect themselves against damages by charging against the contract consideration the amount expended to complete the work. They may not enrich themselves at plaintiff's expense although he defaulted in his agreement. He is entitled to recover the difference between what he would have received had he completed the work and the amount necessarily expended to have done that which he was obligated to do.

In the early case of Willis Cairy v. J. & G. Randolph, 6 La.Ann. 202, it was held: "A suit may be maintained on a building contract although the work be defective or unfinished, and the remedy of the defendant in such a case is, for the reduction of the price agreed upon to the extent of the damages sustained by reason of the defective performance of the work."

This principle is supported by the following cases: Selby et al. v. City of New Orleans et al., 119 La. 900, 44 So. 722; A. F. Peterson v. A. C. Peralta, 3 La.App. 516; American Paint Works v. Metairie Ridge Nursery Company, 1 La.App. 396; W. Berns & Brothers v. Dr. Paul L. Reiss, 12 Orleans App. 126.

The lower court cast defendants for all costs. The facts of the case are such that we think equity will be subserved by condemning each side for one-half of these costs. Act No. 229 of 1910, it seems to us, was intended to apply to cases of this character.

For the reasons herein assigned, the judgment appealed from is affirmed, except that plaintiff and defendants each are condemned to pay one-half of the court costs.

DREW, J., recused.