272 So.2d 382 (1972)
Milton Greer HARELSON et al., Plaintiffs-Appellees,
v.
PARISH OF EAST BATON ROUGE, Defendant-Appellant.
No. 9115.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Rehearing Denied January 31, 1973.
*383 Charles E. Pilcher, Asst. Parish Atty., and Joseph Keogh, City Parish Atty., Baton Rouge, for defendant-appellant.
Cordell H. Haymon, Baton Rouge, for plaintiffs-appellees.
Before SARTAIN, BLANCHE and EVERETT, JJ.
SARTAIN, Judge.
This litigation is for damages growing out of an alleged breach of contract. On September 18, 1964, a contract was executed wherein the plaintiffs granted a drainage servitude to the defendant for the purpose of widening Claycut Bayou, a major drainage artery in the Parish of East Baton Rouge. It was agreed that the spoil from its excavation would be spread for a distance of 250 feet on each side of the bank of the channel. The spoil was to be spread so as to slope downward and away from the bank of the new channel. Further, it was agreed that all debris would be burned and that drains would be provided through the spoil so as to eliminate ponding of water. The reason for requiring that the spoil be sloped away from the bank of the new channel was to prevent water from flowing over the channel bank from the outside thereby causing the banks to erode. Metal pipes "tin whistles" were to be placed in strategic locations to permit the flow of water from the balance of plaintiffs' property through the pipes and into the channel.
Plaintiffs instituted this action on October 7, 1966, first to compel the completion of the project in accordance with the plans but later amended to seek damages in lieu of specific performance.
The trial judge, though no oral or written reasons were assigned, obviously concluded that the defendant had, in fact, breached the contract and awarded plaintiffs damages to the extent of $1,357.50, itemized as follows: $1,087.50 for fencing, $200.00 for the burning of brush piles, and $70.00 for loss of use of seventy acres for one year at $1.00 per acre. The defendant was also cast for all costs of court.
Defendant has appealed contending that the awards of $200.00 for the burning of the brush piles and $70.00 for the loss of use of seventy acres for one year are not supported by the evidence and the judgment rendered herein should be reduced accordingly.
Plaintiffs answered the appeal urging that the trial judge erred in failing to award plaintiffs damages for loss of use of the land for seven years plus the failure of the trial judge to grant them recovery for the amount that it would take to properly slope the channel banks. We *384 are of the opinion that the trial judge erred in casting the Parish of East Baton Rouge for all costs of court, in failing to award plaintiffs damages for the loss of use of their land for a period of seven years, and in failing to award plaintiffs monetary damages to the extent that it would take to perform the work in accordance with the original agreement.
The record in this case clearly reflects that for a period of seven years plaintiffs were in almost constant contact with the defendant in an effort to have the work properly executed. The evidence is also abundantly clear that the defendant in fact failed to comply with the terms of the contract and that the items of damages sought by the plaintiffs in their answer to this appeal are reasonable, fully supported by the record, and should be granted.
The digging of the canal was under the supervision of the Louisiana State Department of Public Works. However, the clearing of land, spreading of the soil, replacement of fences, etc., was the responsibility and under the supervision of the Department of Public Works for the Parish of East Baton Rouge.
The defendant offered three expert witnesses, engineers out of the Department of Public Works for the Parish, who testified that according to the best of their recollection, the spreading of the spoil was done in accordance with the terms of the contract. However, each acknowledged that the photographs presented by the plaintiffs in support of their assertion that the work was not properly performed clearly show that the dirt from the excavation of the canal was spread in such a manner so as to slope towards rather than away from the banks of the canal. Several reasons were advanced as to how this result occurred. Regardless of the reasons so advanced the unalterable fact remains that the spoil from the channel was not graded in the manner required and that the land immediately parallel to the new channel actually slopes toward the channel itself. The "tin whistles" originally placed on plaintiffs' land to permit the drainage of water into the canal were admittedly defective in design and instead of permitting the orderly flow of water into the canal these drainage pipes were washed out and it was necessary to replace them with pipes of proper design. This work was not completed until November 16, 1970, notwithstanding the fact that a year previous the need for their replacement was apparent. The record further reflects that additional work was required in September of 1969. The fences removed in the earlier construction in 1965 were never replaced. Thus, as plaintiffs assert, this particular project has been the center of much controversy from the date of its commencement in 1964 up to and including the time of the trial in July of 1971. Even the brush piles created during the corrective work performed in November of 1969 were not burned as provided for in the contract. This is one of the items which defendant contends is excessive.
With respect to the regrading of the channel bank to the condition in which it should have been delivered to the plaintiffs, plaintiffs' expert witness estimated that the cost to do so would be $7,100.00. This estimate is not contradicted by the defendant. As a matter of fact it is corroborated by one aspect of its own case. Originally, the working plans presented to the contractor did not reflect that the spoil should be spread in the manner called for in the written contract. It was necessary for the defendant to enter into a Change Order and have the contractor respread the spoil. One of defendant's witnesses estimated that the cost resulting from this Change Order was approximately $7,000.00. Unfortunately, even with the respreading of the spoil on this occasion, the work still proved defective.
The last item of damages claimed by the plaintiffs is for the loss of use of *385 their land for a period of seven years. As mentioned above, the trial judge awarded only $70.00 calculated at $1.00 per acre for the loss of seventy acres. The spoil bank in question is the rear 28 acres of a larger 70 acre tract. Evidence was introduced that reasonable rental of pasture land is $1.00 per acre per year. We do not believe that it is reasonable for defendant to now claim that plaintiffs have failed to properly use the balance of their property when said defendant has protracted in its disruption of plaintiffs' use of their land for this period of time. The pictures placed in evidence clearly reflect that at the outset plaintiffs' lands were not properly graded so as to permit bushhogging, etc. Further, the washing away of the original drains prevented its use, and it is questionable to us whether a fence could have been maintained under these circumstances had the plaintiffs attempted to erect one themselves. Throughout these past seven years the use of plaintiffs' lands for pasture purposes has been denied them unless they would have expended the sums now sought for curative measures. This would be an unreasonable burden to place upon the plaintiffs. We would be prone to reduce the damages for the loss of use of their land had it not taken the defendant a period of five years to even conclude what corrective measures it took in replacing the tin whistles and regrading the land immediately surrounding these drains.
The measure of damages for the breach of an obligation is the sum that will put the plaintiff in the same position as if the obligation had been fulfilled. C.C. Art. 2769. Womack v. Sternberg, 247 La. 566, 172 So.2d 683 (1965); and Slack v. Standard Chevrolet Corporation, 197 So. 200, 2nd La.App. 1940.
We concur with the defendant that it was improper for the trial judge to assess all costs of court against the defendant, a political subdivision of the State. In controversies such as the one at hand, a political subdivision is liable only for the stenographer's cost for taking testimony. R.S. 13:4521.
Accordingly, for the above reasons the judgment of the District Court is amended and as amended shall be as follows: Judgment in favor of the plaintiffs in the following amounts: $1,087.50 for fencing, $200.00 for the burning of brush piles, $490.00 for the loss of use of the property, and $7,100.00 as damages to the property itself, together with legal interest thereon from the date of judicial demand, until paid. Further, the defendant is cast for all such costs as are permitted by law.
Amended and affirmed.